RILEY v PAROLE BOARD

Docket No. 155257. Submitted January 4, 1996, at Detroit. Decided April 5, 1996, at 9:30 A.M.

Jimmie L. Riley, an inmate under the jurisdiction of the Department of Corrections serving a life sentence, brought a complaint for a writ of mandamus in the Ingham Circuit Court against the Parole Board, seeking to compel the defendant to comply with its statutory duty to conduct a parole interview with the plaintiff. The court, James R. Giddings, J., granted summary disposition for the defendant. The plaintiff appealed.

The Court of Appeals *held:*

1. The plaintiff should have informed the defendant of its failure to interview him by sending the appropriate form to the defendant. Because the plaintiff could have pursued this remedy, but failed to do so, the trial court correctly ruled that the plaintiff had not exhausted his other adequate legal remedies.

2. Although the 1992 amendment of the "lifer's law," MCL 791.234; MSA 28.2304, stated that prisoners sentenced for crimes committed after October 1, 1992, would not be eligible for parole until they have served fifteen years of their sentence, the amendment retains the ten-year eligibility requirement for prisoners, such as the plaintiff, sentenced for crimes committed before October 1, 1992. Although the amended statute changes the timing of parole hearings, the plaintiff's eligibility for parole is unaffected. Because the timing of the first hearing does not affect the plaintiff's substantive rights, the amended version of the "lifer's law" that addresses eligibility for parole does not violate the Ex Post Facto Clauses of the Michigan and United States Constitutions.

Affirmed.

1. MANDAMUS — DUTY — LEGAL REMEDIES.

A plaintiff must have a clear legal right to the performance of the specific duty sought to be compelled and the defendant must have a clear legal duty to perform the specific duty sought in order for the plaintiff to obtain a writ of mandamus; in addition, the plaintiff must be without any other adequate legal remedy.

2. CONSTITUTIONAL LAW — EX POST FACTO CLAUSES.

   A statute that affects the prosecution or disposition of criminal cases
       involving crimes committed before the effective date of the statute
       violates the Ex Post Facto Clauses of the Michigan and United
       States Constitutions if it makes punishable that which was not,
       makes an act a more serious criminal offense, increases the punish-
       ment, or allows the prosecution to convict using less evidence; the
       clauses were intended to secure substantial personal rights against
       arbitrary and oppressive legislation and not to limit legislative con-
       trol of remedies and procedures that do not affect matters of sub-
       stance; even though a procedural change may work to the disad-
       vantage of a defendant, it is not ex post facto (US Const, art I, § 9;
       Const 1963, art 1, § 10).

Jimmie L. Riley, in propria persona.

Before: DOCTOROFF, C.J., and MCDONALD and J. B.
SULLIVAN,* JJ.

PER CURIAM. Plaintiff, who is currently serving a life
sentence, sought a writ of mandamus to compel
defendant to comply with its statutory duty to con-
duct a parole interview with plaintiff. The trial court
granted defendant's motion for summary disposition.
We affirm.

First, plaintiff contends that, by failing to interview
him after he had served four years of his sentence,
defendant violated his statutory right to appear before
the parole board. The trial court held that plaintiff
was not entitled to a writ of mandamus.

To obtain a writ of mandamus, a plaintiff must have
a clear legal right to the performance of the specific
duty sought to be compelled, the defendant must
have a clear legal duty to perform it, and the plaintiff
must be without any other adequate legal remedy.
*Garner v Michigan State Univ*, 185 Mich App 750,

---

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

757; 462 NW2d 832 (1990). Plaintiff should have informed defendant of its failure to interview him by sending the appropriate parole reminder form to defendant.[1] Because plaintiff could have pursued this remedy but failed to do so, the trial court correctly ruled that plaintiff had not exhausted his other adequate legal remedies.

Next, plaintiff argues that the amended version of the "lifer's law" violates the Ex Post Facto Clauses of the Michigan and United States Constitutions. A statute that affects the prosecution or disposition of criminal cases involving crimes committed before the effective date of the statute violates the Ex Post Facto Clauses if it (1) makes punishable that which was not, (2) makes an act a more serious criminal offense, (3) increases the punishment, or (4) allows the prosecution to convict on less evidence. *People v Moon*, 125 Mich App 773, 776; 337 NW2d 293 (1983).

The Ex Post Facto Clauses were intended to secure substantial personal rights against arbitrary and oppressive legislation, and not to limit legislative control of remedies and procedures that do not affect matters of substance. Even though it may work to the disadvantage of a defendant, a procedural change is not ex post facto. *People v Russo*, 439 Mich 584, 592-593; 487 NW2d 698 (1992).

The version of the "lifer's law" in effect at the time of plaintiff's complaint stated, in relevant part:

(4) A prisoner under sentence for life or for a term of years, other than prisoners sentenced for life for murder in the first degree and prisoners sentenced for life or for a

---

[1] This form is available to all prisoners in their housing units. MDC Policy Directive 06.05.106(P).

minimum term of imprisonment for a major controlled sub-
stances offense, who has served 10 calendar years of the
sentence is subject to the jurisdiction of the parole board
and may be released on parole by the parole board, subject
to the following conditions:
   . (a) One member of the parole board shall interview the
prisoner at the conclusion of 4 calendar years of the sen-
tence and biennially thereafter. [MCL 791.234(4); MSA
28.2304(4)].

In 1992, the Legislature amended subsection 4(a),
which became subsection 6(a), to state that the
parole board shall interview a prisoner only at the
conclusion of ten calendar years and every five years
thereafter. Although the statute was amended again in
1994, none of the 1994 amendments affect the por-
tions· of this statute relevant to this appeal. MCL
791.234(6)(a); MSA 28.2304(6)(a).

Plaintiff claims that the amended version of the
"lifer's law" increases the punishment because it
makes him ineligible for parole after four years. We
disagree.

Pursuant to the pre-1992 statute, a prisoner was
only subject to the jurisdiction of the parole board
and eligible for release after ten years of imprison-
ment. Although the 1992 amendment stated that pris-
oners sentenced for crimes committed after Octo-
ber 1, 1992, would not be eligible for parole until they
have served fifteen years of' their sentence, the
amendment retains the ten-year eligibility require-
ment for prisoners sentenced for crimes committed
before October 1, 1992. MCL 791.234(6); MSA
28.2304(6). Plaintiff was sentenced for a crime com-
mitted before October 1, 1992. Although the amended
statute changes the timing of parole hearings, plain-
tiff's eligibility for parole is unaffected by the chal-

lenged statute. Because the timing of the first hearing does not affect plaintiff's substantive rights, we find that the amended version of the "lifer's law" that addresses eligibility for parole does not violate the Ex Post Facto Clauses of the Michigan and United States Constitutions.

Affirmed.