Bandstra, C.J.
 

 The prosecutor appeals as of right from a circuit court order granting defendant’s motion to quash and dismissing a charge of possession of marijuana.
 
 [1]
 
 We reverse and remand.
 

 Defendant, a minor, was at a party where he had consumed alcohol and was in possession of marijuana. He was issued a citation for violation of the minor in possession of alcohol statute,
 
 [2]
 
 and the marijuana offense was apparently referred to the pros
 
 *80
 
 ecutor’s office. Defendant admitted responsibility for being a minor in possession of alcohol and was placed on probation. Following entry of the order of adjudication, the prosecutor filed a petition charging defendant with possession of marijuana. Defendant claimed that the charge was precluded by the constitutional prohibition against double jeopardy,
 
 [3]
 
 and the trial court agreed. We review double jeopardy issues de novo on appeal.
 
 [4]
 

 The parties agree that the offenses of minor in possession of alcohol and possession of marijuana are general intent, not specific intent, crimes. Accordingly, the double jeopardy provision bars the successive prosecutions at issue in this case if “the offenses are part of the same criminal episode, and . . . involve laws intended to prevent the same or similar harm or evil, not a substantially different, or a very different kind of, harm or evil.”
 
 [5]
 
 The prosecutor has conceded on appeal that the two offenses alleged in this case were part of the same criminal episode.
 
 [6]
 
 Accordingly, the only issue presented is whether the two charging statutes were intended by the Legislature to prevent similar or different harms.
 

 We conclude that they were intended to prevent different harms. To begin with, it is insufficient to say, as the lower court did here, that both statutes were
 
 *81
 
 intended to prevent the same or similar harm or evil simply because both of them attempt to prevent substance abuse. Under that logic, the Double Jeopardy Clause would prohibit successive prosecutions for offenses as disparate as underage smoking
 
 [7]
 
 and the manufacture for resale of substances that are not just controlled, but subject to a total ban.
 
 [8]
 
 Certainly, some conduct made criminal for the purpose of preventing the abuse of substances might be sufficiently similar to other such conduct for the Double Jeopardy Clause to apply. However, to end the analysis by simply noting that the same broad purpose might be ascribed to two charging statutes results in an inappropriately expansive application of the Double Jeopardy Clause.
 

 The laws at issue here are distinctly different from one another in two important ways. First, the category of persons whose behavior becomes potentially criminal by operation of the statutes is different. Anyone can be guilty of the offense of possessing marijuana, regardless of age. In contrast, only a subset of people, i.e., those who are under twenty-one, can be guilty of a minor in possession of alcohol offense. Second, the Legislature has chosen different methods to prevent abuse of the two substances at issue in the statutes. Regarding marijuana, a complete prohibition has been imposed; for alcohol, a regulatory scheme has been considered sufficient. Marijuana possession or use is simply banned completely. Alcohol posses
 
 *82
 
 sion or use is only illegal in certain situations and contexts, as in this case depending on the age of the person possessing it and, in other cases, depending on the incapacity resulting from its use.
 

 On the basis of these distinctions, we conclude that the two laws at issue here were not intended to prevent the same or similar harm or evil but, instead, a substantially different harm or evil. The minor in possession of alcohol statute seeks to prevent harms associated with the use of alcohol by persons lacking the maturity necessary to do so responsibly. For example, it seeks to reduce underage drinking and, by extension, the fatalities and serious injuries caused by teenage drunk driving. See House Legislative Analysis, HB 4136, August 16, 1995. In contrast, statutes such as that which outlaws marijuana possession are intended to prohibit the use of substances themselves considered physically harmful under any circumstance
 
 [9]
 
 and to stem the further criminal acts and social losses such use can cause.
 
 [10]
 
 Thus, while both statutes criminalize possession of the substances they address, they are intended to prevent substantially different harms resulting from that possession.
 

 The trial court erred in ruling that the constitutional prohibition against double jeopardy precluded prosecution of the marijuana charge. We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.
 

 [1]
 

 MCL 333.7403(2)(d).
 

 [2]
 

 MCL 436.1703.
 

 [3]
 

 US Const, Am V; Const 1963, art 1, § 15.
 

 [4]
 

 People v Mackle,
 
 241 Mich App 583, 592; 617 NW2d 339 (2000).
 

 [5]
 

 Crompton v 54-A Dist Judge,
 
 397 Mich 489, 502; 245 NW2d 28 (1976).
 

 [6]
 

 We question that concession. It seems a good argument might be made here, as was made in the various cases considered by the
 
 Crompton
 
 Court, that defendant’s arrest for minor in possession of alcohol was simply the occasion for the discovery of the additional offense of marijuana possession and thus the two offenses were not part of the same criminal episode. See, e.g.,
 
 id.
 
 at 506. In any event, we do not further consider this issue because it has been waived.
 

 [7]
 

 See MCL 722.642.
 

 [8]
 

 See MCL 333.7401 and MCL 333.7211. Or, in another context, successive prosecutions for both felon in possession of a firearm, MCL 750.224Í, and armed robbery, MCL 750.529, would be disallowed, because the statutes criminalizing these offenses both intend to prevent the social harm of violence.
 

 [9]
 

 Crampton, supra
 
 at 507.
 

 [10]
 

 Orzel v Scott Drug Co,
 
 449 Mich 550, 563; 537 NW2d 208 (1995).