PEOPLE v HAYNES

Docket No. 244327. Submitted April 8, 2003, at Detroit. Decided April 22, 2003, at 9:05 A.M.

Joseph W. Haynes was charged in St. Clair Circuit Court with operating a vehicle while under the influence of intoxicating liquor, third offense (OUIL 3rd), MCL 257.625(1), (8), after his arrest in February 2002. The defendant moved to strike a July 1997 conviction for operating a vehicle while he was a minor with a bodily alcohol content, MCL 257.625(6), that was used to enhance the OUIL charge pursuant to the terms of 1998 PA 350. The defendant argued that persons convicted under the zero-tolerance statute before October 1, 1999 (the effective date of 1998 PA 350), had no reasonable notice that their conviction could lead to felony enhancement in the future, and thus the use of this conviction violated the defendant's constitutional right to due process and equal protection. The circuit court, James P. Adair, J., granted the motion, concluding that use of the zero-tolerance conviction to enhance the defendant's OUIL charge was unconstitutional. The prosecution appealed by leave granted.

The Court of Appeals *held*:

1. 1998 PA 350, which modified the definition of "prior conviction" in MCL 257.625 to include prior convictions under the zero-tolerance statute, MCL 257.625(6), for purposes of enhancing an OUIL conviction from a misdemeanor to a felony, does not violate the equal protection clauses of the Michigan and United States constitutions, because it does not treat similarly situated persons differently, and the statute is rationally related to the legitimate government interests of discouraging underage drinking and reducing alcohol-related traffic fatalities.

2. Use of the defendant's prior uncounseled zero-tolerance conviction to enhance his current OUIL charge will not violate the defendant's due process rights because the use of that conviction to enhance the charge is constitutionally permissible. Furthermore, the defendant had constructive notice at the time of the instant offense, pursuant to the 1998 amendment, that his prior conviction would subject him to enhanced punishment.

3. 1998 PA 350 is not an ex post facto law because it punishes more harshly the subsequent offense, committed during the effective date of the act, rather than the first offense, committed earlier and used as the enhancing offense.

Reversed and remanded for further proceedings consistent with this opinion.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Peter R. George*, Prosecuting Attorney, and *Timothy K. Morris*, Assistant Prosecuting Attorney, for the people.

*Robert P. Beaton* for the defendant.

Before: Meter, P.J., and Cavanagh and Cooper, JJ.

Per Curiam. Defendant was charged with operating a vehicle while under the influence of intoxicating liquor, third offense (OUIL 3rd), MCL 257.625(1) and (8). Defendant moved to strike a prior conviction for operating a vehicle by a minor with a bodily alcohol content, MCL 257.625(6), that was used to enhance the OUIL charge. The trial court granted this motion and the prosecution appeals the trial court's order by leave granted. We reverse and remand.

### I. BACKGROUND FACTS AND PROCEDURAL HISTORY

On February 23, 2002, defendant was stopped in the vehicle he was driving by a police officer in St. Clair County. Defendant failed several field sobriety tests, and a subsequent blood alcohol test revealed a blood alcohol content of 0.16 grams of alcohol per 100 ml of blood. As a result, defendant was charged with the felony offense of OUIL 3rd. MCL 257.625(8)(c). To enhance defendant's charge, the prosecutor relied on defendant's May 1998 conviction for operating a motor vehicle while impaired (OWI),

MCL 257.625(3), and his July 1997 plea of admission under the zero tolerance law, MCL 257.625(6).[1]

At the time defendant was convicted under the zero tolerance law, only prior convictions for OUIL or operating a motor vehicle with an unlawful blood alcohol content could be used to support a charge of OUIL 3rd.[2] However, 1998 PA 350, which became effective October 1, 1999, amended this statute to allow prior convictions under the zero tolerance law and OWI to enhance subsequent convictions for OUIL to felony status. See MCL 257.625(23)-(24). We note that imprisonment is not required for an individual's first conviction under the zero tolerance policy. MCL 257.625(11)(a). Thus, defendant did not have the right to appointed counsel when he pled guilty to violating the zero tolerance law. See *People v Reichenbach*, 459 Mich 109, 118; 587 NW2d 1 (1998).

Defendant moved to strike the prosecution's use of his prior uncounseled zero tolerance conviction to enhance his current OUIL charge. He argued that indi-

---

[1] According to MCL 257.625(6):

(6) A person who is less than 21 years of age, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if the person has any bodily alcohol content. As used in this subsection, "any bodily alcohol content" means either of the following:

(a) An alcohol content of not less than 0.02 grams or more than 0.07 grams per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine.

(b) Any presence of alcohol within a person's body resulting from the consumption of intoxicating liquor, other than consumption of intoxicating liquor as a part of a generally recognized religious service or ceremony.

[2] In 1997, MCL 257.625(7) defined the prior convictions that could be utilized to enhance a subsequent OUIL conviction.

viduals convicted under the zero tolerance law before October 1999 had no reasonable notice that their conviction could lead to felony enhancement in the future. Defendant maintained that this violated constitutional due process principles of fair play and fundamental fairness. He further asserted that the use of zero tolerance convictions to enhance an OUIL charge violates principles of equal protection. Essentially, defendant claimed that this practice arbitrarily differentiated among offending drivers on the basis of age. Defendant also argued that this statutory enhancement legislation violated the constitutional prohibition against ex post facto laws.

The trial court acknowledged the Legislature's authority to pass enhancement statutes permitting the use of earlier convictions to increase a defendant's penalties as a multiple offender. It also found that an uncounseled misdemeanor conviction could be used for purposes of enhancement. However, the trial court determined that there was a significant difference between establishing age boundaries and treating certain individuals more harshly because of their age. According to the trial court, the zero tolerance policy allowed drivers under twenty-one to be convicted for behavior that was lawfully engaged in by older drivers, without any evidence that the amount of alcohol required for such a conviction affected their driving ability. Thus, the trial court stated that there was "no reasonable basis to use a zero tolerance conviction only against drivers under 21 for enhancement." The trial court further agreed with defendant that individuals convicted under the zero tolerance law before October 1, 1999, lacked reasonable notice that the conviction could be used to

enhance future OUIL convictions. Consequently, the trial court held that it would be fundamentally unfair and unconstitutional to use the zero tolerance conviction for enhancement purposes in this case.

## II. EQUAL PROTECTION AND DUE PROCESS

On appeal, the prosecution argues that the trial court erroneously prevented the use of defendant's prior zero tolerance conviction, MCL 257.625(6), to enhance his subsequent OUIL conviction, MCL 257.625(1), on due process and equal protection grounds. We agree. Constitutional issues are reviewed de novo on appeal. *People v Pitts*, 222 Mich App 260, 263; 564 NW2d 93 (1997).

### A. EQUAL PROTECTION

Both the federal and state constitutions guarantee equal protection under the law. US Const, Am XIV, § 1; Const 1963, art 1, § 2; see also *People v Conat*, 238 Mich App 134, 153; 605 NW2d 49 (1999). "The constitutional guarantee of equal protection requires that the government treat similarly situated persons alike." *Conat, supra* at 153. Unless the alleged discrimination involves a suspect class or impinges on the exercise of a fundamental right, a contested statute is evaluated under the rational basis test. *People v Martinez*, 211 Mich App 147, 150; 535 NW2d 236 (1995). Neither the disparate treatment of criminal offenders nor the impingement of driving privileges is generally viewed as affecting an individual's fundamental interests. See *Marshall v United States*, 414 US 417, 421-423; 94 S Ct 700; 38 L Ed 2d 618 (1974); *People v O'Donnell*, 127 Mich App 749, 756; 339 NW2d

540 (1983); *United States v Kingsley*, 241 F3d 828, 838 (CA 6, 2001). We also find, contrary to defendant's argument on appeal, that his fundamental liberty interests in this case were adequately protected by the right to a trial concerning the instant offense. See *People v Perkins*, 107 Mich App 440, 443-444; 309 NW2d 634 (1981); *People v McLeod*, 407 Mich 632, 662; 288 NW2d 909 (1980).

A statute's constitutionality is presumed under the rational basis analysis. *Martinez, supra* at 150. The burden therefore rests with the party challenging the legislation to demonstrate that the classification is arbitrary and not rationally related to a legitimate government interest. *Id.* If a legislative classification is supported by " 'any state of facts either known or which could reasonably be assumed[,]' " it must be upheld. *Bissell v Kommareddi*, 202 Mich App 578, 580; 509 NW2d 542 (1993), quoting *Shavers v Attorney Gen*, 402 Mich 554, 613-614; 267 NW2d 72 (1978).

Applying this analysis to the instant facts, we are not persuaded that the application of MCL 257.625(23) in this case violates equal protection guarantees. It appears that the premise underlying the trial court's decision in this case is the fact that the zero tolerance law differentiated among drivers on the basis of age without any proof that the alcohol consumed would adversely affect driving ability. However, we note that an adult conviction for OUIL, pursuant to MCL 257.625(1)(b), similarly does not require evidence of actual impairment or an adverse effect on driving ability due to alcohol consumption. We also find no evidence that MCL 257.625(23) treats underage drivers differently from those over twenty-one.

Furthermore, the legislative purpose behind this statute is clearly apparent when reviewing other statutes concerning minors and alcohol. For instance, MCL 436.1703(1) punishes minors for the mere possession of alcohol despite the fact that older individuals are not subject to penalty. When discussing the purpose behind that offense, this Court noted:

> The minor in possession of alcohol statute seeks to prevent harms associated with the use of alcohol *by persons lacking the maturity necessary to do so responsibly.* For example, it seeks to reduce underage drinking and, by extension, the fatalities and serious injuries caused by teenage drunk driving. See House Legislative Analysis, HB 4136, August 16, 1995. [*In re Stark*, 250 Mich App 78, 82; 645 NW2d 340 (2002) (emphasis added).]

This same rationale logically applies to laws designed to punish minors who not only acquire alcohol, but also drive a vehicle after its consumption. Indeed, when the zero tolerance law was originally added to the list of alcohol-related driving offenses, the Legislature noted the fact that alcohol-related crashes constituted the leading cause of death for young Americans. See House Legislative Analysis, HB 4839, January 20, 1995, p 2.

Moreover, the legislative analysis of the 1998 amendment to MCL 257.625 reflects the Legislature's continuing concern with habitual drunk driving and alcohol-related traffic fatalities. See Senate Fiscal Analysis, SB 268 *et al.*, HB 4210 *et al.*, January 12, 1999. The decision to provide harsher punishment for adults with a history of driving after consuming alcohol as minors supports the statute's objective of discouraging recidivist behavior. The expanded enhancement provisions of MCL 257.625(23) also support the

Legislature's goal of reducing alcohol-related teen deaths by providing an additional incentive for minors not to drink and drive. Ordinarily, "a statute will be sustained if it can be said to advance a legitimate government interest, even if the law seems unwise or works to the disadvantage of a particular group, or if the rationale for it seems tenuous." *People v Cooper (After Remand)*, 220 Mich App 368, 372-373; 559 NW2d 90 (1996).[3]

### B. DUE PROCESS

With respect to defendant's due process challenge, we do not find that it was "fundamentally unfair" to use his prior uncounseled juvenile conviction to enhance his subsequent OUIL charge.[4] Our Supreme Court has determined that the use of prior counseless misdemeanor convictions under a sentencing enhancement statute is constitutionally permissible if counsel was not required for the prior offense. *Reichenbach, supra*. The rationale for this position is that "recidivist statutes" do not change the penalty imposed for an earlier conviction. *Id.* at 124-125, citing *Nichols v United States*, 511 US 738, 747; 114 S Ct 1921; 128 L Ed 2d 745 (1994). Additionally, this Court has specifically held that a trial court may consider prior juvenile delinquency adjudications obtained

---

[3] Defendant's reliance on *State v Ferris*, 762 So 2d 601, 607-608 (La, 2000), is misplaced because the statute involved in that case did not include a previous conviction under Louisiana's zero tolerance law.

[4] It appears that the trial court was referencing the "procedural" due process element of a due process claim, which provides that, "[w]hen government action depriving a person of life, liberty, or property survives substantive due process scrutiny, it must still be implemented in a fair manner." *United States v Salerno*, 481 US 739, 746; 107 S Ct 2095; 95 L Ed 2d 697 (1987).

without the benefit of counsel in determining a defendant's sentence where the prior adjudication did not result in imprisonment. *People v Daoust,* 228 Mich App 1, 17-19; 577 NW2d 179 (1998).

We further note that at the time of his latest offense, defendant had been placed on constructive notice, pursuant to the 1998 amendment, that his prior conviction would subject him to enhanced punishment for any future OUIL convictions.[5] Moreover, our Supreme Court has repeatedly held that criminal defendants may not withdraw a guilty plea on the ground that they were unaware of the future collateral or incidental effects of the initial valid plea. See *People v Davidovich,* 463 Mich 446, 453; 618 NW2d 579 (2000); *People v Osaghae (On Reconsideration),* 460 Mich 529, 533-534; 596 NW2d 911 (1999). Consequently, the trial court erred in ruling that the use of defendant's prior zero tolerance conviction to enhance his subsequent OUIL charge would violate his due process rights.

### III. EX POST FACTO LAWS

The prosecution also contends that the application of MCL 257.625(23) to enhance defendant's offense does not violate the constitutional prohibitions against ex post facto laws. The trial court apparently agreed with this argument when it stated that "[t]he Legislature can pass enhancement statutes allowing the use of pre-enactment convictions to increase the defendant's penalties as a multiple offender." As

---

[5] It is also noteworthy that a prior conviction under MCL 257.625(6) can be used to enhance the punishment for a second violation of the zero tolerance law itself. MCL 257.625(11)(b).

stated in *People v McRunels*, 237 Mich App 168, 175; 603 NW2d 95 (1999), quoting *Riley v Parole Bd*, 216 Mich App 242, 244; 548 NW2d 686 (1996) (emphasis omitted):

> A statute that affects the prosecution or disposition of criminal cases involving crimes committed before its effective date violates the Ex Post Facto Clauses if it "(1) makes punishable that which was not, (2) makes an act a more serious criminal offense, (3) increases the punishment, or (4) allows the prosecution to convict on less evidence."

It has long been held that statutes requiring harsher penalties for repeat offenders are not ex post facto laws. In *People v Shastal*, 26 Mich App 347, 351-352; 182 NW2d 638 (1970), this Court noted that "it is the subsequent offense, committed while the [sentencing enhancement] act is in effect, that is punished more harshly, and not the first offense." Similarly, in the instant case there was no retroactive application of the current statute to defendant's zero tolerance conviction. Thus, we find no violation of the constitutional prohibitions against ex post facto laws.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.