# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 16, 2018

Plaintiff-Appellee,

v

No. 338986
Wayne Circuit Court
LC No. 93-008770-01-FC

MICHAEL EDWARD JARRETT,

Defendant-Appellant.

Before: SWARTZLE, P.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order denying his motion to apply earned disciplinary credits to his new term-of-years sentence imposed on resentencing pursuant to *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012), and MCL 769.25a. Defendant contends that MCL 769.25a(6) unconstitutionally deprives him of the application of earned disciplinary credits to his term-of-years sentence. In accordance with this Court's recent decision in *People v Wiley*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 336898), we affirm defendant's term-of-years sentence, but hold that MCL 769.25a(6) is unconstitutional.

In 1993, a jury convicted defendant, then a juvenile, of first-degree premeditated murder, MCL 750.316(1)(a), and possession of a firearm during the commission of a felony, MCL 750.227b. In 1994, the trial court sentenced defendant to life imprisonment without the possibility of parole for the murder conviction, and a consecutive two-year term of imprisonment for the felony-firearm conviction. Defendant later obtained resentencing pursuant to the United States Supreme Court's decision in *Miller*, 567 US 460, and the Michigan Legislature's enactment of MCL 769.25a, which provides sentencing procedures for juvenile offenders who had been sentenced to life imprisonment without parole and had exhausted their appeals. On appeal, defendant challenges the constitutionality of MCL 769.25a(6), which proscribes the deduction of accumulated good time and disciplinary credits upon resentencing of a juvenile offender, stating:

> A defendant who is resentenced under subsection (4) shall be given credit for time already served, but shall not receive any good time credits, special good time credits, disciplinary credits, or any other credits that reduce the defendant's minimum or maximum sentence.

-1-

## I. EX POST FACTO CLAUSE

Defendant argues that MCL 769.25a(6) deprives him of disciplinary credits in violation of the Ex Post Facto Clauses of the United States and Michigan Constitutions, US Const, art 1, § 10; Const 1963, art 1, § 10, because it is a retroactive statute that increases his punishment. We agree.

As this Court noted in *People v Callon*, 256 Mich App 312, 317-318; 662 NW2d 501 (2003), laws that violate ex post facto protections change the legal consequences of acts completed or crimes committed before the effective date of the law to the disadvantage of the defendant. So, for example, a statute enacted after a criminal act was committed which increases the punishment for that crime violates the Ex Post Facto Clauses. *Riley v Parole Bd*, 216 Mich App 242, 244; 548 NW2d 686 (1996). Defendant argues that MCL 769.25a(6), which was enacted after he committed his crimes, increases his punishment.

After defendant filed his claim of appeal, the United States District Court for the Eastern District of Michigan issued an opinion in *Hill v Snyder*, ___ F Supp 3d ___ (ED Mich, 2018) (Case No. 10-cv-14568), concluding that MCL 769.25a(6) violates the Ex Post Facto Clause of the United States Constitution because it retroactively removed the plaintiffs' (the juvenile offenders') previously earned credits, thereby increasing their punishments.

Soon thereafter, in *Wiley*, this Court adopted the district court's reasoning in *Hill* and held that MCL 769.25a(6) unconstitutionally deprives juvenile offenders of the application of earned disciplinary credits to their term-of-years sentences in violation of the Ex Post Facto Clauses of both the United States and Michigan Constitutions. *Wiley*, ___ Mich App at ___; slip op at 23. In *Wiley*, the defendants, who are similarly situated to defendant in this case, were convicted of first-degree murder as juveniles and originally sentenced to life imprisonment without parole. *Id*. at 5, 7. Pursuant to MCL 769.25a, each defendant was resentenced to a term-of-years sentence. The defendants appealed, arguing that MCL 769.25a(6) violates the Ex Post Facto Clauses of the United States and Michigan Constitutions, because it precluded them from receiving disciplinary credits on their term-of-years sentences, and thus is a statute that retroactively increased their punishments. *Id*. at 6-8. The *Wiley* Court agreed with the reasoning in *Hill*, which noted:

> Good time and disciplinary credits are applied to a prisoner's minimum and/or maximum sentence in order to determine his or her parole eligibility dates. Thus, if Michigan's statutory scheme permitted any Plaintiff to earn good time or disciplinary credits at the time the Plaintiff's crime was committed, the removal of such credits increases the Plaintiff's punishment and violates the Ex Post Facto Clause. [*Wiley*, __ Mich App at ___; slip op at 14, quoting *Hill*, ___ F Supp 3d ___; slip op at 16 (footnote omitted).]

The *Wiley* Court ultimately concluded, consistent with the *Hill* decision, that the elimination of good time and disciplinary credits by MCL 769.25a(6) violated the Ex Post Facto Clauses and that the credits must be applied in calculating parole eligibility dates for prisoners resentenced

under MCL 769.25a. *Wiley*, ___ Mich App at ___; slip op at 19-20, quoting *Hill*, ___ F Supp 3d at ___; slip op at 24.

In light of this Court's decision in *Wiley*, we hold that MCL 769.25a(6) unconstitutionally deprives defendant of the application of earned disciplinary credits to his term-of-years sentence in violation of Ex Post Facto Clauses of the United States and Michigan Constitutions. Not only do we agree with the analysis in *Wiley*, but the decision is binding under MCR 7.215(J)(1). Accordingly, MCL 769.25a(6) may not be used to prevent defendant from having his accumulated disciplinary credits deducted from his minimum and maximum sentences in order to determine his parole eligibility.

## II. DEFENDANT'S ADDITIONAL CONSTITUTIONAL CHALLENGES

Because MCL 769.25a(6) is unconstitutional as a violation of the Ex Post Facto Clauses of the United States and Michigan Constitutions, we need not address defendant's additional arguments that MCL 769.25a(6) violates the Title-Object Clause of the Michigan Constitution and the Equal Protection Clause of the United States and Michigan Constitutions, as well as deprives him of due process. Defendant has received the relief he requests—a declaration that MCL 769.25a(6) cannot be used to prevent the application of earned disciplinary credits in calculating his parole eligibility.

We affirm defendant's term-of-years sentence, but hold that MCL 769.25a(6) is unconstitutional.


/s/ Mark J. Cavanagh
/s/ Michael J. Kelly