*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

UNPUBLISHED
May 14, 2019

v

BRADLEY AXEL LAFFERTY,

      Defendant-Appellant.

No. 340137
Ionia Circuit Court
LC No. 2016-016679-FH

Before: GLEICHER, P.J., and MARKEY and O'BRIEN, JJ.

PER CURIAM.

A jury convicted defendant of two counts of operating while intoxicated causing serious injury in violation of MCL 257.625(5)(a) and (8). The convictions were based on defendant causing a head-on collision that seriously injured two children. Defendant had a small amount of tetrahydrocannabinol (THC) in his system, allegedly from using marijuana the night before without a prescription but to alleviate back pain. The court sentenced defendant to concurrent terms of 15 months to 5 years' imprisonment. Defendant challenges his convictions on constitutional grounds, and the scoring of the offense variables underlying his sentences. We affirm.

## I. BACKGROUND

Defendant does not hold a prescription for medical marijuana. However, on April 2, 2015 at approximately 9:30 p.m., he used marijuana in an attempt to control his back pain. The following morning, defendant saw a physician's assistant and was given prescriptions for Naproxen and Flexural to ease this pain. While defendant was on the way to the pharmacy to fill his prescriptions, he drifted across the centerline of the road. Defendant remembered driving "up the hill, and then everything just kind of blacked out."

When defendant crossed the center line, two cars were approaching in the opposite direction. Defendant sideswiped the first, which veered off and went into a ditch. Defendant collided with the second vehicle head on, injuring all four of its occupants. Defendant's convictions were based on injuries to two minors; one is now an incomplete paraplegic who is

-1-

wheelchair-bound and the other suffered serious spinal and head injuries and still experiences migraines.

At the scene, defendant denied using an illegal drugs before the accident and agreed to a blood test. Before the test, defendant admitted he "smoked a bowl" the night before but did not believe that any THC remained in his system. His blood test, however, showed one nanogram of THC per milliliter of blood.

Based on the THC in his blood and the injuries caused to the passengers in the other vehicle, the jury convicted defendant of two counts of driving while intoxicated causing serious injury. Defendant now appeals.

## II. CONSTITUTIONALITY OF MCL 257.625

Defendant contends that MCL 257.625(8) arbitrarily classifies individuals with low levels of THC in their body as intoxicated and treats illegal marijuana users differently than medical marijuana users, and thereby violates his right to equal protection under the law. Defendant failed to preserve this issue by raising it below. See *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). Our review is therefore limited to plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Reversal is warranted when an error results in the conviction of an innocent defendant or when it "seriously affect[s] the fairness, integrity or public reputation of [the] judicial proceedings independent of the defendant's innocence." *Id*. at 763-764 (quotation marks and citations omitted).

US Const, Am XIV, § 1 and Const 1963, art 1, § 2 guarantee all citizens equal protection under the law. "The Equal Protection Clause requires that all persons similarly situated be treated alike under the law." *Shepherd Montessori Ctr Milan v Ann Arbor Charter Twp*, 486 Mich 311, 318; 783 NW2d 695 (2010). We review equal protection challenges with varying levels of scrutiny depending on the nature of the challenge. *Harvey v Michigan*, 469 Mich 1, 6; 664 NW2d 767 (2003). In this case, we employ rational-basis review, because the law creates no suspect or quasi-suspect classifications based on characteristics such as race or sex. "Under rational-basis review, courts will uphold legislation as long as that legislation is rationally related to a legitimate government purpose." *Crego v Coleman*, 463 Mich 248, 259; 615 NW2d 218 (2000). To successfully challenge a statute under this "highly deferential standard of review, a challenger must show that the legislation is arbitrary and wholly unrelated in a rational way to the objective of the statute." *Id*. (quotation marks and citation omitted). "A classification reviewed on this basis passes constitutional muster if the legislative judgment is supported by any set of facts, either known or which could be reasonably be assumed, even if such facts may be debatable." *Id*. at 259-260. This review "does not test the wisdom, need, or appropriateness of the legislation . . . or even whether it results in some inequity when put into practice. Rather, the statute is presumed constitutional, and the party challenging it bears a heavy burden of rebutting that presumption." *Id*. at 260 (citation omitted).

MCL 257.625(8) prohibits the operation of a motor vehicle with any amount of a Schedule 1 controlled substance in the body. MCL 333.7212 includes marijuana and its derivatives (such as THC) as Schedule 1 controlled substances. MCL 333.7121(1)(c); *People v*

*Koon*, 494 Mich 1, 3 n 3; 832 NW2d 724 (2013). Our Supreme Court has already determined that MCL 257.625(8) is not an arbitrary regulation. *People v Derror*, 475 Mich 316, 338-340; 715 NW2d 822 (2006), overruled in part on other grounds by *People v Feezel*, 486 Mich 184; 783 NW2d 67 (2010). "The statute's stated objective is to prevent persons from driving with any amount of a schedule 1 controlled substance in the body, whether or not the substance is still influencing them." *Derror*, 475 Mich at 338. The Court noted that "[t]his is clearly a legitimate exercise of the Legislature's police power" since THC is "only present in the body after someone has ingested marijuana, i.e., done something illegal."[1] *Id*.

"Nevertheless, assuming that the statute's objective is to prevent persons from driving under the influence of marijuana, the statute passes constitutional muster." *Id*.

> That the statute might apply to some persons who are not actually under 'the influence' of marijuana does not render the statute unconstitutional. Rather, under the rational basis standard of review, our only inquiry is whether *any* conceivable set of facts, either known or that can reasonably be assumed, even if they are debatable, . . . support[s] the Legislature's judgment that making it a crime for persons to drive with any amount of [THC] in the body will prevent them from driving under the influence of a controlled substance. [*Id*. at 339.]

The Court in *Derror*, 475 Mich at 339, held that "[s]uch a conceivable set of facts exists" in regard to MCL 257.625(8): the presence of THC in the blood "conclusively proves that a person , at some point, ingested THC," and THC is the physiologically active component of marijuana, has "a pharmacological effect on the body," and "its effects can last long after [marijuana] is no longer detectible in the blood." "It is thus conceivable that the Legislature enacted this statute to further the objective of preventing persons from driving under the influence of marijuana by enabling the prosecution of persons who" have detectable amounts of THC in their blood and "might be under the influence." *Id*. Therefore, the *Derror* Court held, MCL 257.625(8) survives rational-basis review and is constitutional.[2] *Id*. at 341-342.

Defendant further argues that MCL 257.625(8) arbitrarily changes the burden of proof of guilt for medical marijuana users. In 2013, our Supreme Court stated that medical marijuana users may drive with marijuana in their system as long as they are not "under the influence." MCL 333.2647(b)(4); *Koon*, 494 Mich at 7-8. This relaxed standard does not apply to illegal

---

[1] The Michigan Regulation and Taxation of Marihuana Act, MCL 333.27951 *et seq*., was enacted after defendant's conviction. However, defendant does not raise this act as an issue on appeal and acknowledges that his consumption of marijuana was illegal at the time.

[2] In *Feezel*, our Supreme Court declined to address the constitutionality of MCL 257.625(8). *Feezel*, 486 Mich at 211-212 (opining that the majority's interpretation of MCL 257.625(8) was "probably unconstitutional" but declining to address the issue). Therefore, the *Derror* constitutional law analysis remains precedent by which we are bound. See *O'Dess v Grand Trunk Western R Co*, 218 Mich App 694, 700-701; 555 NW2d 261 (1996).

marijuana users. Defendant argues that this distinction does not further the statute's goal of traffic safety, rendering the statute arbitrary and unconstitutional.

Defendant has not shown that the distinction between medical and illegal marijuana users is not "rationally related to a legitimate government purpose." *Crego*, 463 Mich at 259. Rational-basis review acknowledges that perfection is "neither possible nor necessary." *Massachusetts Bd of Retirement v Murgia*, 427 US 307, 314; 96 S Ct 2562; 49 L Ed 2d 520 (1976). Our Supreme Court has recognized that it is not the judiciary's place to "substitute its judgment for that of the Legislature as to what is best or what is wisest. So long as the Legislature's judgment is supported by a rational or reasonable basis, the choices made and the distinctions drawn are constitutional." *O'Donnell v State Farm Mut Auto Ins Co*, 404 Mich 524, 542; 273 NW2d 829 (1979).

The distinction between medical marijuana patients and other marijuana users is a rational distinction for the Legislature to draw. Medical marijuana patients use marijuana at the direction of a physician to alleviate often debilitating symptoms. MCL 333.26423(a) and (h). All others use marijuana without professional supervision. The Legislature could rationally conclude that a medical marijuana user, under the supervision of a medical professional, would use marijuana in a way that would not pose a risk to public safety. There is no parallel for unsupervised users. Therefore, the Legislature could reasonably conclude that non-medical marijuana users as a class pose a greater risk to the public, and that a zero-tolerance standard is the appropriate measure to reduce that risk. The Legislature has drawn a similar parallel for the risky group of teenage drunk drivers, who are subject to a zero-tolerance policy, while of-age drinkers are subject to a higher threshold limit. *People v Haynes*, 256 Mich App 341, 347; 664 NW2d 225 (2003). We therefore discern no ground to reverse defendant's convictions.

### III. OFFENSE VARIABLES

Defendant also challenges the length of his sentences, contending that the trial court erroneously assessed 10 points each for OVs 17 and 18. "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.* See also *People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016).

OV 17 addresses the degree of negligence exhibited. The trial court must assess 10 points if "[t]he offender showed a wanton or reckless disregard for the life or property of another person." MCL 777.47(1)(a). Wantonness means that a defendant was aware of and disregarded the consequences that might result from his actions, and "usually suggests a greater degree of culpability than recklessness . . . ." *Feezel*, 486 Mich at 196, quoting *Black's Law Dictionary* (8th ed) (quotation marks omitted). Reckless disregard means a "[c]onscious indifference to the consequences of an act." *Black's Law Dictionary* (10th ed). This standard is not "merely an elevated or enhanced form of ordinary negligence" but an "indifference to the rights of others that is equivalent to a criminal intent." *People v Schaefer*, 473 Mich 418, 438; 703 NW2d 774 (2005) (quotation marks and citation omitted).

In this case, it is not apparent that defendant was indifferent to the consequences of his actions. A first responder testified that defendant did not appear intoxicated at the scene and noted in his report that drugs and alcohol were not factors in the crash. Defendant testified that he was not feeling the effects of the marijuana he had smoked the previous evening. Indeed, the level of THC in defendant's blood was extremely low. There was no evidence presented to show that defendant was speeding, driving erratically, or otherwise acting recklessly. The record does not show that defendant was consciously disregarding the rights of the people around him on the roadway, nor does it show that defendant had anything akin to criminal intent. Therefore, OV 17 was improperly assessed at 10 points.

OV 18 assesses whether a vehicle operator's ability was affected by alcohol or drugs. A trial court must assess 10 points for OV 18 if an offender operates a motor vehicle with "any amount of a controlled substance listed in schedule 1 under MCL 333.7212 . . . ." MCL 777.48(1)(c). As noted, THC falls in that category. And tests revealed one nanogram of THC per milliliter of defendant's blood. The court was therefore required to score OV 18 at 10 points.

Defendant's total OV Score was 65, placing him in Offense Level V. Less the improperly assessed 10 points for OV 17, defendant's total OV Score is 55, which is still within OV Level V for his Class E offenses. As such, defendant is not entitled to resentencing. See *People v Houston*, 261 Mich App 463, 473; 683 NW2d 192 (2004).

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Jane E. Markey
/s/ Colleen A. O'Brien