*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM MICHAEL KASBEN,

        Plaintiff,

v

DEPARTMENT OF CORRECTIONS and
PAROLE BOARD,

        Defendants.

UNPUBLISHED
May 30, 2019

No. 342654

Before: GLEICHER, P.J., and RONAYNE KRAUSE and O'BRIEN, JJ.

PER CURIAM.

William Michael Kasben filed this original action, seeking a writ of mandamus directing defendants, the Michigan Department of Corrections (MDOC) and the Parole Board, to discharge his parole arising from his 2011 convictions for three fraud-based offenses. However, the Parole Board lost jurisdiction over Kasben and never actually revoked or rescinded his parole after his 2015 conviction for earlier acts of criminal sexual conduct (CSC). There is no action we can direct at this time and we deny the requested relief.

I

On July 23, 2011, Kasben was convicted of three counts of writing checks from a fraudulent account in violation of MCL 750.131a(1) and was originally sentenced as a fourth habitual offender to three years' probation with the first year to be served in jail. The court found Kasben guilty of a parole violation on July 23, 2013, and sentenced him to 28 months to 15 years' imprisonment. The Parole Board subsequently granted Kasben parole on October 22, 2014, for a 15-month period that was scheduled to expire in January 2016.

In May 2015, Kasben was arrested and charged with CSC in two separate criminal matters. In the first, Kasben was accused of sexually assaulting his 13-year-old sister in 1983. Kasben pleaded guilty to CSC-2 in August 2015. The court sentenced Kasben on September 9, 2015 as a fourth habitual offender to a prison term of 10 to 15 years. In the second matter, Kasben was accused of sexually assaulting the minor daughter of his girlfriend in 2007. Kasben pleaded guilty to one count of CSC-4 and was sentenced to 16 months to two years'

imprisonment. Although Kasben has completed his CSC-4 sentence, his earliest possible release date for the controlling CSC-2 count is July 13, 2023.

On June 9, 2015, the MDOC notified Kasben that his parole for the 2011 offenses was "rescinded" based on the CSC charges levied against him. The notice advised, "The rescission interview will be conducted as required by law. You should be prepared to discuss the above at that interview." This notice conflated parole rescission with parole revocation. Parole may only be "rescinded" "before the prisoner is released on parole." MCL 791.236(2). An individual who has already been released on parole may have his parole "revoked." MCL 791.240a. MCL 791.240a(3) provides for a parole-revocation "fact-finding hearing" "[w]ithin 45 days after a paroled prisoner has been returned or is available for return to a state correctional facility under accusation of a parole violation other than conviction for a felony . . . punishable by imprisonment. . . ."

No rescission interview or fact-finding hearing was conducted because his parole actually was not rescinded and because Kasben's felony CSC convictions rendered him ineligible for a revocation hearing. Kasben unsuccessfully filed a series of grievances, first seeking an interview and later seeking discharge from parole for the 2011 offenses upon the parole expiration date. The Parole Board advised Kasben that it did "not have jurisdiction to release [him] before" his earliest release date in 2023. The MDOC similarly notified Kasben, "At this time there has been no parole action entered as your [earliest release date] is 7/13/2023."

II

Kasben then filed an original action in this Court, seeking to direct defendants to discharge his parole for the 2011 convictions as the term of parole had expired. Kasben contends that defendants could not revoke his parole as he committed no parole violation and could not rescind his parole as no interview was conducted. "To obtain a writ of mandamus, a plaintiff must have a clear legal right to the performance of the specific duty sought to be compelled, the defendant must have a clear legal duty to perform it, and the plaintiff must be without any other adequate legal remedy." *Riley v Parole Bd*, 216 Mich App 242, 243; 548 NW2d 686 (1996). The act sought to be compelled must be "ministerial," meaning that "the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of judgment or discretion." *Hanlin v Saugatuck Twp*, 299 Mich App 233, 248; 829 NW2d 335 (2013).

We cannot grant Kasben any relief related to the alleged rescission of his parole. Defendants never actually entered an order rescinding Kasben's parole and there is no order for this Court to vacate. We cannot direct defendants to vacate any order revoking Kasben's parole, again, as no such order entered. Nor can we direct defendants to conduct a parole-revocation hearing or to discharge Kasben from parole retroactive to January 2016. Kasben is in prison on new charges and will remain there until at least 2023. The Parole Board lacks jurisdiction to make any decisions until that time. See MCL 791.234(1).

This resolution is supported by the MDOC's policy directives. MDOC PD 03.01.135(PP) provides that a "non-controlling sentence," such as Kasben's shorter check fraud sentences, "shall be terminated upon completion of the maximum sentence plus any applicable

dead time." When that date is reached, defendants will be required to terminate the sentences arising from his 2011 convictions. In the meantime, however, Kasben is not entitled to relief. Given our resolution of this issue, Kasben is also not entitled to the damages sought.

We deny the relief requested in Kasben's mandamus complaint.


/s/ Elizabeth L. Gleicher
/s/ Amy Ronayne Krause
/s/ Colleen A. O'Brien