PEOPLE v SADOWS
PEOPLE v GALE

Docket Nos. 286689 and 286693. Submitted March 11, 2009, at Detroit. Decided March 19, 2009, at 9:15 a.m.

The Wayne County Prosecuting Attorney charged Colleen E. Sadows and John J. Gale with the felony offense of operating a vehicle while intoxicated (OWI), third offense, pursuant to MCL 257.625(9) or (11), as amended by 2006 PA 564, effective January 3, 2007. The statutory amendment removed a requirement that prior convictions of OWI or operating a vehicle while under the influence of liquor (OUIL) had to be within 10 years of a current OWI charge in order for the current charge to be enhanced from a misdemeanor to a felony. Each defendant had sustained the initial OUIL conviction more than 10 years before the current charge. The Wayne Circuit Court, Deborah A. Thomas, J., quashed the information on motions by Sadows and Gale, ruling that the amended statute, as applied to Sadows and Gale, were violative of the constitutional prohibition against ex post facto laws and of the constitutional rights of equal protection and due process. The prosecuting attorney appealed in each case, and the Court of Appeals consolidated the appeals.

The Court of Appeals *held*:

1. MCL 257.625(9) and (11), as amended, do not violate the prohibition against ex post facto laws. The amendment does not attach legal consequences to prior offenses that occur before the effective date of the amendment. Rather, the amendment makes the consequences of a current offense occurring after January 3, 2007, more severe on the basis of the prior convictions.

2. MCL 257.625(9) and (11), as amended, do not violate equal protection or due process. Their enhancement provisions are rationally related to the legitimate governmental interest in reducing habitual drunken driving and alcohol-related traffic fatalities. Additionally, and with respect to due process, Sadows and Gale had constructive notice that their prior OUIL convictions would subject them to felony prosecutions if they operated a vehicle while under the influence of liquor.

Reversed and remanded for further proceedings.

*Michael A. Cox,* Attorney General, *B. Eric Rustuccia,* Solicitor General, *Kym Worthy,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *David A. McCreedy,* Assistant Prosecuting Attorney.

*Paul C. Youngs, P.C.* (by *Paul C. Youngs*), for Colleen E. Sadows.

*Daniel J. Blank* for John J. Gale.

Before: SAAD, C.J., and BANDSTRA and HOEKSTRA, JJ.

PER CURIAM. The prosecution appeals by right the trial court's orders granting defendants' motions to quash the informations. Because MCL 257.625, as amended by 2006 PA 564, does not violate the prohibition against ex post facto laws, and because it does not deny defendants their rights to equal protection and due process, we reverse and remand for further proceedings.

I

In Docket No. 286689, defendant, Colleen Sadows, was charged with operating a vehicle while intoxicated (OWI), MCL 257.625(1), a misdemeanor. Because Sadows was previously convicted of operating a motor vehicle while under the influence of liquor (OUIL) in 1997 and 2001, the prosecution sought to convict Sadows of a felony pursuant to MCL 257.625(9) or (11), as amended by 2006 PA 564, effective January 3, 2007.[1] In

---

[1] Before MCL 257.625 was amended, a defendant could only be convicted of a felony rather than a misdemeanor if he or she had been convicted or two or more drunken driving offenses within the previous 10 years. *People v Perkins,* 280 Mich App 244, 250; 760 NW2d 669 (2008), aff'd 482 Mich 1118 (2008). The amendment eliminated the 10-year

Docket No. 286693, defendant John Gale was charged with OWI and, because he had previously been convicted of OUIL in 1994 and 2000, the prosecution also sought to convict him of a felony pursuant to MCL 257.625(9) or (11). Each defendant filed a motion to quash the respective information. The trial court granted the motions, concluding that MCL 257.625(9) and (11), as amended, were not merely sentencing enhancements because the subsections changed the charged offense from a misdemeanor to a felony and that the two subsections violated the constitutional prohibition against ex post facto laws and the constitutional guarantee of equal protection.[2]

II

The prosecution argues that the trial court erred by ruling that the application of MCL 257.625(9) and (11), as amended, violates the Ex Post Facto Clause of both the federal constitution and the state constitution, US Const, art I, § 10; Const 1963, art 1, § 10. We agree. We review constitutional questions de novo. *People v Pitts*, 222 Mich App 260, 263; 564 NW2d 93 (1997). A statute is presumed constitutional, *People v Hubbard (After Remand)*, 217 Mich App 459, 483; 552 NW2d 493 (1996), and the party challenging the statute has the burden of proving its invalidity, *People v Thomas*, 201 Mich App 111, 117; 505 NW2d 873 (1993).

In *People v Perkins*, 280 Mich App 244, 251-252; 760 NW2d 669 (2008), this Court held that MCL 257.625(9),

requirement and allows the use of any two drunken driving convictions for enhancement, regardless of the time that elapsed between the prior convictions and the current offense. *Id.*

[2] This Court consolidated the two cases for appeal. *People v Sadows*, unpublished order of the Court of Appeals, entered August 22, 2008 (Docket Nos. 286689, 286693).

as amended, did not violate the prohibition against ex post facto laws. The Court reasoned that "the amendment did not attach legal consequences to [the] prior offenses, which occurred before the amendment's effective date. Rather, the amendment made the consequences of current offenses, which occurred after January 3, 2007, more severe on the basis of [the] prior convictions." *Id.* at 251. Because MCL 257.625(9) does not punish the prior offenses, "the change in the predicate offenses used to raise current conduct to the felony level does not constitute an ex post facto violation." *Id.* at 252.[3] Our Supreme Court "affirm[ed] the Court of Appeals decision holding that . . . MCL 257.625 does not violate the ex post facto provisions of the federal and state constitutions." *People v Perkins*, 482 Mich 1118 (2008). Accordingly, the trial court erred by concluding that the application of MCL 257.625, as amended, violates the prohibition against ex post facto laws.[4]

The prosecution also argues that the trial court erred by concluding that MCL 257.625, as amended, violates the Equal Protection Clause of both the federal constitution and the state constitution, US Const, Am XIV, § 1; Const 1963, art 1, § 2. We agree.

---

[3] The Court's decision in *Perkins* also applies to MCL 257.625(11).

[4] We reject any argument by defendants that, because a sentencing court is not to consider prior convictions for which there is a 10-year period between the discharge date of the prior conviction and the sentencing offense in scoring prior record variables 1 through 5, MCL 777.50(1), (2), the Legislature did not intend for the amendment of MCL 257.625(9) and (11) to apply to OWI or OUIL convictions that were obtained more than 10 years before the current OWI offense. Such an argument is contrary to the plain language of MCL 257.625(9) and (11). *People v Hill*, 269 Mich App 505, 515; 715 NW2d 301 (2006). Further, the amendment of MCL 257.625(9) and (11) is the more specific and more recent enactment. *Verizon North, Inc v Pub Service Comm*, 260 Mich App 432, 438; 677 NW2d 918 (2004).

The guarantee of equal protection requires that government treat similarly situated persons alike. *People v Haynes*, 256 Mich App 341, 345; 664 NW2d 225 (2003). "Unless the alleged discrimination involves a suspect class or impinges on the exercise of a fundamental right, a contested statute is evaluated under the rational basis test." *Id.* Defendants do not allege that MCL 257.625(9) and (11), as amended, target a suspect class. Further, the disparate treatment of criminal offenders does not impinge on an individual's fundamental rights. *Id.* Defendants have not established that the amendment of MCL 257.625(9) and (11) is arbitrary and not rationally related to a legitimate governmental interest. *Haynes, supra* at 346. Rather, the enhancement provisions are tailored to OWI repeat offenders and are rationally related to the government's interest in reducing habitual drunken driving and alcohol-related traffic fatalities. See *id.* at 347-348. The trial court erred by ruling that the application of MCL 257.625(9) and (11), as amended, violates the constitutional guarantee of equal protection.

We also reject defendants' argument that the application of MCL 257.625(9) and (11) violates the Due Process Clause of both the federal constitution and the state constitution, US Const, Am XIV, § 1; Const 1963, art 1, § 17. "The constitutional guarantee of due process, in its most fundamental sense, is a guarantee against arbitrary legislation." *Whitman v Lake Diane Corp*, 267 Mich App 176, 181; 704 NW2d 468 (2005). As already stated, MCL 257.625(9) and (11), as amended, are not arbitrary. The amendment is rationally related to the Legislature's interest in reducing habitual drunken driving. Further, defendants had constructive notice, pursuant to the amendment, that their prior OUIL convictions would subject them to felony prosecutions if they operated a vehicle while under the influ-

ence of liquor. *Haynes, supra* at 349. Consequently, defendants' argument that the application of MCL 257.625(9) and (11), as amended, violates their due process rights is unavailing.[5]

Reversed and remanded for further proceedings. We do not retain jurisdiction.

---

[5] We refuse to find MCL 257.625(9) and (11), as amended, violative of due process because, as argued by defendants, the administrative burdens of applying the amendment would be "considerable." No considerable administrative burdens are present in applying the amendment to either defendant.