# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARQUIS DAMONE BRADY,

        Defendant-Appellant.

UNPUBLISHED
January 12, 2017

No.  329037
Wayne Circuit Court
LC No.  11-012088-FH

Before:  BOONSTRA, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of felon in possession of a firearm (felon-in-possession), MCL 750.224f, carrying a concealed weapon (CCW), MCL 750.227, and possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b.  We affirm.

This case arises from defendant's possession of a firearm although he was ineligible to possess one as a felon.

On appeal, defendant argues that Michigan's felon-in-possession statute, MCL 750.224f, is unconstitutional on its face under both the federal and state constitutions because it deprives an individual of his right to possess firearms for any purpose, including self-defense.  We disagree.

Defendant challenges the constitutionality of MCL 750.224f for the first time on appeal; therefore, we review this issue for plain error affecting substantial rights.  See *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

A statute is presumed to be constitutional, and the party challenging the constitutionality of a statute has the burden of proving its invalidity.  *People v Sadows*, 283 Mich App 65, 67; 768 NW2d 93 (2009).  Furthermore, defendant's challenge to the felon-in-possession statute "involves a claim that a legislative enactment is unconstitutional on its face, in that there is no set of circumstances under which the enactment is constitutionally valid."  *People v Wilder*, 307 Mich App 546, 556; 861 NW2d 645 (2014).

The United States Constitution and the Michigan Constitution "grant individuals a right to keep and bear arms for self-defense."  *People v Yanna*, 297 Mich App 137, 142; 824 NW2d 241 (2012).  The Second Amendment states, "A well regulated Militia, being necessary to the

-1-

security of a free State, the right of the people to keep and bear Arms, shall not be infringed." US Const, Am II. The Second Amendment is made fully applicable to the states through the Fourteenth Amendment. *McDonald v City of Chicago*, 561 US 742, 750; 130 S Ct 3020; 177 L Ed 2d 894 (2010); see also *Yanna*, 297 Mich App at 142. The Michigan Constitution provides an equivalent to the Second Amendment, which states, "Every person has a right to keep and bear arms for the defense of himself and the state." Const 1963, art 1, § 6.

We first turn to defendant's claim that his felon-in-possession conviction under MCL 750.224f violated the Second Amendment, US Const, Am II. The United States Supreme Court confirmed in *District of Columbia v Heller*, 554 US 570, 595; 128 S Ct 2783; 171 L Ed 2d 637 (2008), that the "Second Amendment conferred an individual right to keep and bear arms." However, the Supreme Court also acknowledged that limits could be placed on that right:

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms. [*Id*. at 626-627.]

Defendant argues that this language in *Heller* is dictum that this Court should not follow. However, defendant does not provide a single federal or Michigan case that found this language in *Heller* to be unpersuasive or that concluded a firearm dispossession statute was unconstitutional. In fact, defendant admits that many federal courts have upheld such statutes based on this language in *Heller*. At the federal level, a vast majority of the circuit courts have rejected constitutional challenges to federal firearm dispossession statutes that are similar to Michigan's felon-in-possession statute. See *United States v Smoot*, 690 F3d 215, 220-221 n 6 (CA 4, 2012). In *United States v Khami*, 362 Fed Appx 501, 507-508 (CA 6, 2010), the Sixth Circuit explained that it was obligated to follow the dicta in *Heller* because there was no substantial reason for disregarding it, and then it held the federal felon-in-possession statute, 18 USC 922(g)(1), was constitutional under the Second Amendment.

At the state level, this Court has acknowledged that the right to bear arms under the Second Amendment "is not unlimited." *People v Powell*, 303 Mich App 271, 273; 842 NW2d 538 (2013). In *Powell*, this Court stated that "[e]xceptions to the right to bear arms include regulation of gun possession by felons." *Id*., citing *People v Deroche*, 299 Mich App 301, 307; 829 NW2d 891 (2013). Relying on the dicta in *Heller*, this Court has noted that the Second Amendment does not bar categorical firearm restrictions, such as those that prevent felons and the mentally ill from possessing firearms. *Wilder*, 307 Mich App at 555-556; *Deroche*, 299 Mich App at 307-308. Moreover, this Court has long upheld the constitutionality of the felon-in-possession statute under the Michigan Constitution on the grounds that, even if it infringed on one's right to bear arms, the statute is "a reasonable regulation by the state in the exercise of its police power to protect the health, safety, and welfare of Michigan citizens." *People v Swint*, 225 Mich App 353, 363; 572 NW2d 666 (1997). At the time *Swint* was decided, the Second Amendment was not applicable to the states. *Id*. at 359-360. That later changed when the Supreme Court held that the Second Amendment was applicable to the states through the Fourteenth Amendment. *McDonald*, 561 US at 750. In light of the rationale stated in *Swint* and

the decision in *Heller*, there are clearly circumstances in which MCL 750.224f is constitutionally valid under the Second Amendment. Therefore, this Court follows the dicta in *Heller* and concludes, in conformity with our decision in *Swint*, that Michigan's felon-in-possession statute, MCL 750.224f, does not violate the Second Amendment.

We next consider defendant's claim that the felon-in-possession statute violates Michigan's constitution because it "deprives felons of the fundamental right of self-defense by firearm." For support, defendant relies on *People v Dupree*, 486 Mich 693, 712; 788 NW2d 399 (2010), where our Supreme Court held that common law self-defense was a valid defense to a charge of felon in possession of a firearm. In *Dupree*, the defendant was a convicted felon who successfully wrestled a handgun free from an attacker before shooting the attacker three times. *Id*. at 709. The defendant was allowed to present evidence of self-defense which, if proven, could act as a defense to his felon-in-possession charge. *Id*. at 708-709. According to defendant, *Dupree* established that felons have a right to defend themselves with a firearm and that "[t]here is nothing in the federal or state constitutions that indicate this is a temporary right that a select subset of the citizenry can only exercise if they have the good fortune to be in the presence of someone else's firearm when they need to defend themselves."

Defendant's argument is unavailing. The decision in *Dupree* did not address the constitutionality of the felon-in-possession statute. Additionally, *Dupree* is factually distinguishable because, here, defendant was not actively defending himself from an attacker but was merely carrying the firearm for some hypothetical future need of self-defense. This Court has held that a "defendant's right to bear arms under [the Michigan Constitution] is not absolute and is subject to the reasonable limitations set forth in MCL 750.224f; MSA 28.421(6) as part of the state's police power." *Swint*, 225 Mich App at 375. And, this Court held, the limitations set forth in the felon-in-possession statute represented "a reasonable exercise of the state's police power to protect the health, safety, and welfare of its citizens." *Id*. at 374. Therefore, defendant's constitutional challenge fails. See *People v Green*, 228 Mich App 684, 692; 580 NW2d 444 (1998) (holding that the defendant's felon-in-possession charge did not violate his right to bear arms under the Michigan Constitution); *People v Parker*, 230 Mich App 677, 687; 584 NW2d 753 (1998) (acknowledging that MCL 750.224f does not violate the Michigan Constitution). Accordingly, defendant has not shown a plain error. The felon-in-possession statute is constitutional on its face under both the federal and state constitutions. And, considering our resolution of this issue, defendant's related challenge to his felony-firearm conviction also fails.

Affirmed.

/s/ Mark T. Boonstra
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly