# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ANNIE LENEASE RUSSELL,

      Defendant-Appellant.

UNPUBLISHED
November 1, 2018

No. 340652
Gogebic Circuit Court
LC No. 2016-000259-FH

---

Before: BECKERING, P.J., and RIORDAN and CAMERON, JJ.

PER CURIAM.

Defendant appeals[1] her plea-based conviction by delayed leave granted for possession of methamphetamine, MCL 333.7403(2)(b)(*i*). The trial court sentenced defendant to 3 to 10 years' imprisonment. On appeal, defendant challenges the trial court's assessment of 10 points for OV 19. We affirm.

## I. FACTS

Defendant was the driver of a vehicle involved in a traffic stop. During the stop, defendant's passenger informed Ironwood Public Safety Police Officer Matt Sterbenz that defendant had tried to hand her a pipe and a couple of bags. The passenger also indicated that those items were still on defendant's person. Defendant twice consented to a search of her vehicle, neither of which revealed any contraband in the vehicle. Defendant denied having anything hidden on her person. She lifted her dress and showed Sterbenz her crotch several times. Sterbenz could see that each time defendant pulled her underwear off to the side, it bunched up as if there was something hidden underneath, and Sterbenz advised that he was going to see if there was a female officer to assist. At that point, defendant reached up her dress again and pulled out a small bag of the type commonly used to store controlled substances. When she placed the bag on the passenger's seat, Sterbenz could see a crystalline substance that in his experience was consistent with methamphetamine. A field test indicated that the substance was methamphetamine, as confirmed by a subsequent laboratory analysis. Based on what the

---

[1] See *People v Russell*, unpublished order of the Court of Appeals, entered November 28, 2017 (Docket No. 340652).

passenger told him earlier in the stop, Sterbenz was convinced that defendant was concealing other items. Defendant denied having anything else. As she again pulled her underwear off to the side, Sterbenz saw a glass pipe sliding from her groin area. Sterbenz asked whether there were more items, and defendant removed another bag from her groin area. Once back at the station, defendant admitted that she had been using methamphetamine, and she identified to Sterbenz where she had obtained it.

Defendant pleaded guilty to possession of methamphetamine. At sentencing, defense counsel objected to the trial court's assessment of 10 points under OV 19. The trial court noted that defendant had repeatedly lied to Sterbenz and attempted to convince him that she was not hiding anything by lifting her dress. Citing *People v Barbee*, 470 Mich 283; 681 NW2d 348 (2004), the trial court noted that lying to a police officer constituted interference with the administration of justice sufficient to warrant an assessment of 10 points under OV 19. Defendant additionally objected to the scoring of OV 19 on vagueness grounds. The trial court concluded that *Barbee* governed the issue, and defendant's objection was without merit.

## II. ASSESSMENT OF OV 19

The proper interpretation and application of the sentencing guidelines is a legal question that this Court reviews de novo. *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004). "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

Generally, the scoring of the offense variables is offense specific. *People v McGraw*, 484 Mich 120, 126-127; 771 NW2d 655 (2009). However, "[u]nder the exception to the general rule set forth in *McGraw*, [OV 19] may be scored for conduct that occurred after the sentencing offense was completed." *People v Smith*, 488 Mich 193, 195, 202; 793 NW2d 666 (2010) (noting that in *McGraw*, "this Court held that '[o]ffense variables must be scored giving consideration to the sentencing offense alone, unless otherwise provided in the particular variable' "). "Because the circumstances described in OV 19 expressly include events occurring after a felony has been completed, the offense variable provides for the 'consideration of conduct after completion of the sentencing offense.' " *Smith*, 488 Mich at 202, quoting *McGraw*, 484 Mich at 133-134.

MCL 777.49(c) directs trial courts to assess 10 points under OV 19 if the defendant "interfered with or attempted to interfere with the administration of justice." "[T]he plain and ordinary meaning of 'interfere with the administration of justice' for purposes of OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013). "Our Supreme Court has determined that the phrase 'interfered with or attempted to interfere with the administration of justice' is broader than the concept of obstruction of justice and that conduct subject to scoring under OV 19 'does not have to necessarily rise to the level of a chargeable offense . . . .' " *People v Passage*, 277 Mich App 175, 179-180; 743 NW2d 746 (2007) (citation omitted). Attempting to deceive police during an

investigation is an example of interference or attempted interference with the administration of justice. See *Barbee*, at 470 Mich at 288; *Hershey*, 303 Mich App at 344.

Defendant asserts that she did not interfere with the administration of justice by denying that she had any contraband on her person. Furthermore, defendant argues that she did not make intentional efforts to thwart the investigation by leading the officer in a different direction or disposing of the evidence; she notes that although she may have initially denied having drugs, she eventually turned them over to the officer. Defendant's argument lacks merit. Defendant repeatedly denied having anything hidden on her person and even lifted her dress to show Sterbenz her crotch. She did this several times, until Sterbenz advised that he was going to see if there was a female officer to assist. Only then did defendant reveal that she was carrying methamphetamine. Although Sterbenz was still convinced that defendant was concealing other items, she denied having anything else. She then pulled her underwear to the side again, and Sterbenz saw a glass pipe sliding from her groin area. He asked whether there were more items, and defendant removed a second bag from the same area. During her plea hearing, defendant admitted that she had the drugs on her person. A preponderance of the evidence supports the trial court's finding that defendant tried to deceive Sterbenz and hide the fact that she had methamphetamine in her possession.

Defendant also argues that she was denied due process because the OV 19 assessment is incorrect. A defendant's right to due process at a sentencing hearing includes the right to be sentenced on the basis of accurate information. *Williams v New York*, 337 US 241; 69 S Ct 1079; 93 L Ed 1337 (1949). As discussed above, the OV 19 assessment was correct. Defendant was sentenced on the basis of accurate information and was not denied due process.

### III. VAGUENESS CHALLENGE

This Court reviews the constitutionality of a statute de novo. *People v Roberts*, 292 Mich App 492, 496; 808 NW2d 290. Statutes are presumed to be constitutional and are so construed unless their unconstitutionality is clearly apparent. *People v Deroche*, 299 Mich App 301, 305; 829 NW2d 891 (2013). The party challenging the constitutionality of the statute has the burden of proving its invalidity. *People v Sadows*, 283 Mich App 65, 67; 768 NW2d 93 (2009). In determining whether a statute is unconstitutionally vague, a court must consider the entire text of the statute and accord the words their ordinary meanings. *Roberts*, 292 Mich App at 497. A statute may be challenged for vagueness on three grounds: "(1) it is overbroad and impinges on First Amendment freedoms, (2) it does not provide fair notice of the conduct proscribed, or (3) it is so indefinite that it confers unstructured and unlimited discretion on the trier of fact to determine whether an offense has been committed." *Roberts*, 292 Mich App at 497 (quotation marks and citation omitted).

Defendant specifically challenges the constitutionality of MCL 777.49 for failure to give fair notice. To give fair notice, the statute "must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited." *People v Perez-DeLeon,* 224 Mich App 43, 46; 568 NW2d 324 (1997) (citation omitted). A statute is not unconstitutionally vague if its meaning is "fairly ascertainable by reference to judicial interpretations, the common law, dictionaries, treatises, or the commonly accepted meanings of words." *People v Lockett*, 295 Mich App 165, 174; 814 NW2d 295 (2012) (quotation marks and citation omitted).

In consulting dictionary definitions to discern what the Legislature intended, this Court has concluded that the plain and ordinary meaning of "interfere" is " 'to come into opposition or collision so as to hamper, hinder, or obstruct someone or something[.]' " *Hershey*, 303 Mich App at 342–343, quoting *Random House Webster's College Dictionary* (2005). This Court therefore held that "the plain and ordinary meaning of 'interfere with the administration of justice' for purposes of OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *Hershey*, 303 Mich App at 343.

The Michigan Supreme Court has "determined that the phrase 'interfered with or attempted to interfere with the administration of justice' is broader than the concept of obstruction of justice and that conduct subject to scoring under OV 19 'does not have to necessarily rise to the level of a chargeable offense[.]' " *Passage*, 277 Mich App at 179-180 (citation omitted). In *Hershey*, this Court listed several instances that qualify as interference with the administration of justice, including a situation in which a defendant has attempted to deceive police during an investigation. *Id.* at 344. Because a person of reasonable intelligence, by reference to these judicial interpretations and dictionaries, would be able to fairly ascertain the kinds of actions that constitute interference with the administration of justice, the statute is not vague for failure to give fair notice.

Defendant additionally asserts that there is no consistency and no limit to the type of conduct that constitutes interference with the administration of justice. In support of this argument, defendant cites two cases. First, defendant cites *People v Smith*, 488 Mich 193; 793 NW2d 666 (2010), in which the defendant took affirmative steps to interfere with court proceedings through witness intimidation. Second, defendant cites *Barbee*, 470 Mich at 288, in which the defendant attempted to deceive a police officer by offering another individual's name. Both of these cases involve an affirmative act on the part of the defendant to interfere with an investigation and judicial proceedings in a manner consistent with the common definition and judicial interpretations above. Contrary to defendant's assertion, these cases do not establish a lack of consistency or other limitation regarding what conduct constitutes interference with the administration of justice.

Defendant also contends that because a person of ordinary intelligence cannot know exactly what acts are prohibited by MCL 777.49, this vagueness raises serious constitutional questions about the right to silence and other rights that apply during police questioning. However, defendant does not support this argument. "An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue." *People v Harris*, 261 Mich App 44, 50; 680 NW2d 17 (2004). Furthermore, "[v]agueness challenges must be considered in light of the facts at issue." *People v Gaines*, 306 Mich App 289, 319; 856 NW2d

222 (2014). In this case, defendant did not raise her right to silence, nor was she denied any other rights during police questioning.

Affirmed.

/s/ Jane M. Beckering
/s/ Michael J. Riordan
/s/ Thomas C. Cameron