*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 21, 2024

Plaintiff-Appellee,

v

No. 354605
Wayne Circuit Court
LC No. 86-006381-02-FC

CRAIG DEAN,

Defendant-Appellant.

Before: CAVANAGH, P.J., and JANSEN and MALDONADO, JJ.

PER CURIAM.

In 1987, defendant and his codefendant, Darren Cross, were tried jointly by separate juries. Defendant was found guilty of first-degree felony murder, MCL 750.316, and sentenced to mandatory life in prison without parole. After remand from our Supreme Court, *People v Dean*, ___ Mich ___; 982 NW2d 183 (2022), defendant appeals as on leave granted[1] from the trial court's order denying his third motion for relief from judgment. We affirm.

## I. BACKGROUND

The facts underlying defendant's appeal are contained in his direct appeal in Docket No. 100490[2]:

Defendants Craig Dean ("Dean") and Darren Cross ("Cross") were accused of an execution style killing committed during the robbery of a house at which drugs were sold. The main witness was Ricardo Smith ("Smith"), who had been at

---

[1] See *Dean*, ___ Mich at ___; 982 NW2d at 183 ("Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration as on leave granted. . . .").

[2] Defendant's appeal in Docket No. 100490 was consolidated with Cross's appeal in Docket No. 101650. See *People v Dean*, unpublished per curiam opinion of the Court of Appeals, issued May 17, 1989 (Docket Nos. 100490; 101650), p 1.

the house helping the victim sell drugs and who was an acquaintance of both defendants. Smith testified that when defendants came to the house, the victim let Dean inside. After talking for a short time, Dean asked the victim if he would let Cross in as well. Once inside, Cross displayed a handgun and directed Smith and the victim to give him all their money and drugs.

Following the robbery, Smith testified that Dean left the house with the stolen money and drugs. Cross then instructed Smith and the victim to sit on the floor with their backs to the wall. Although the victim complied, Smith opted to run from the room and jump through a nearby window. Smith related that he heard several gunshots go by him as he ran and then additional gunshots once he was outside. Subsequent investigation by the police disclosed that the victim died from a single gunshot wound to the chest area. [*People v Dean*, unpublished per curiam opinion of the Court of Appeals, issued May 17, 1989 (Docket Nos. 100490; 101650), pp 1-2.]

At the time of the offense, defendant was 19-years-old. During trial, the evidence suggested defendant and Cross robbed Smith and the victim because the victim owed defendant $650. Although defendant denied having a gun or being present for the shooting, he admitted to police that he instigated the robbery and instructed Smith to kill the victim. After sentencing, defendant appealed his conviction, which this Court affirmed. See *Dean*, unpub op at 2-4.

In March 1993, defendant filed his first motion for relief from judgment, claiming his Fifth Amendment rights were violated, there was insufficient evidence to support his conviction, prosecutorial error, improper jury instructions, and he was denied due process, a fair trial, and the effective assistance of counsel. In April 2004, defendant filed a second motion for relief from judgment, alleging improper jury instructions, insufficient evidence, and ineffective assistance of counsel. Both motions were denied by the trial court.

In December 2019, defendant, *in propria persona*, filed a third motion for relief from judgment under MCR 6.500 *et seq.*, claiming he was entitled to resentencing because his sentence of life without parole, imposed when he was 19-years-old, constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution, US Const, Ams VIII and XIV.[3] Defendant asserted that he satisfied MCR 6.508(D)(3), claiming there was good cause for his failure to previously raise his argument because *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012) and *Montgomery v Louisiana*, 577 US 190; 136 S Ct 718; 193 L Ed 2d 599 (2016) were not decided until after he

---

[3] "The Eighth Amendment of the United States Constitution prohibits 'cruel and unusual punishments.' US Const, Am VIII." *People v Taylor*, 510 Mich 112, 124; 987 NW2d 132 (2022). By contrast, "the Michigan Constitution prohibits 'cruel *or* unusual punishment.' Const 1963, art 1, § 16 (emphasis added). Article 1, § 16 is thus interpreted more broadly than the Eighth Amendment." *Id.* at 124 n 9 (citations omitted). In his third motion for relief from judgment, defendant cited only to US Const, Am VIII. However, on appeal, defendant cites to both US Const, Am VIII and Const 1963 art 1, § 16.

filed his prior motions for relief from judgment. Additionally, relying on *Cruz v United States*, opinion of the United States District Court for the District of Connecticut, issued March 29, 2018 (Case No. 11-CV-787), vacated by 826 Fed Appx 49 (CA 2, 2020), defendant argued there was new evidence not discovered before his prior motions. In *Cruz*, the defendant introduced evidence showing the developmental differences between juvenile and adult brains. Because the *Cruz* court extended *Miller* to apply to 18-year-old offenders, defendant claimed there was good cause for failing to previously raise his argument. Defendant also argued that he was actually prejudiced because his "sentence is invalid where his non-parolable [sic] life sentence is maintained outside the protective provisions of *Miller*, [] and MCL 769.25a, and where he was unable to present this claim during his sentencing decades earlier."

Defendant further argued that his mandatory sentence of life without parole was unconstitutional because the Supreme Court's holdings in *Miller* and *Montgomery* should apply to 19-year-old offenders. Defendant, relying on *Miller* and its predecessors, claimed juvenile offenders were fundamentally different than their adult counterparts because, as a result of their underdeveloped brain, they demonstrate a lack of maturity and underdeveloped sense of responsibility, are more susceptible to the influence of peer pressure, and their personality traits are more transient. Based on these findings, the Supreme Court held that it was unconstitutional to sentence a juvenile to a mandatory sentence of life without parole without consideration of the characteristics of youth or the juvenile's rehabilitative potential. Defendant, citing several federal and state court decisions applying *Miller*, claimed research on the brain development of adolescents showed there is no developmental distinction between 17-year-old and 21-year-old offenders. As such, defendant asserted *Miller* protections should apply to 19-year-old offenders.

Defendant also claimed, under an as-applied challenge to the constitutionality of his sentence, that his sentence constitutes cruel and unusual punishment because it fails to account for his youthful attributes, lack of culpability, and rehabilitative potential. Defendant contended his "reckless" and "impulsive" actions during the commissions of the robbery and resulting murder demonstrated his lack of maturity, underdeveloped brain, lack of foresight, irrational thinking, and inability to understand the consequences of his actions. Defendant also claimed "he lacked the ability to extricate himself from the horrific, crime producing setting[] that made him vulnerable to the negative influences of his environment," because he was exposed to domestic violence, drugs, and poverty. Additionally, defendant asserted that he demonstrated extensive rehabilitative potential during his time in prison by remaining largely violence-free, maintaining excellent work reports, and completing his GED and various certificates. For these reasons, defendant argued that his sentence constitutes cruel and unusual punishment and he should be resentenced in accordance with *Miller*.

In July 2020, the trial court denied defendant's third motion for relief from judgment, stating:

> In this motion defendant alleges a retroactive change in law pursuant to *Cruz v United States*. The defendant avers that recent scientific and developmental research evidence introduced in *Cruz* extends the *Miller v Alabama* ruling to also apply to 19 year old offenders, which makes his mandatory life sentence unconstitutional. Defendant proffers that this evidence serves as a basis of an evidentiary hearing and constitutes grounds for resentencing.

Upon review of the evidence and claims defendant's argument must fail. The new research developments and scientific evidence upon which defendant relies is entirely contained in a single second circuit united states [sic] district court case that, while persuasive, is not legally binding on this Court and does not amend, extend or overrule the *Miller* ruling. Supreme Court precedent that is binding on this Court does not permit an inferior court, appellate or trial, to overrule Supreme Court precedent, rather, such precedent places the prerogative of overruling Supreme Court decisions with the Supreme Court. Accordingly, because [ ] *Miller v Alabama* is "good law" until our Supreme Court rules that it is not, we are bound by Supreme Court precedent that clearly and unequivocally mandates that we follow its precedents and leave the business of overruling Supreme Court decisions to the Supreme Court.

As such, *Cruz* has no retroactive application and defendant's reliance on *Cruz* in support of his argument is without merit. Defendant has not shown "good cause" under MCR 6.508(D)(3), nor has he proven actual prejudice. Therefore, for all the aforementioned reasons stated, defendant's third motion for relief from judgment is hereby **DENIED**.

This appeal followed. This Court denied defendant's delayed application for leave to appeal "because defendant has failed to establish that the trial court erred in denying the motion for relief from judgment." *People v Dean*, unpublished order of the Court of Appeals, entered December 10, 2020 (Docket No. 354605). Defendant applied for leave to appeal with our Supreme Court. On December 9, 2022, in lieu of granting defendant's application, our Supreme Court remanded defendant's case to this Court, stating:

By order of August 3, 2021, the application for leave to appeal the December 10, 2020 order of the Court of Appeals was held in abeyance pending the decision in *People v Poole* (Docket No. 161529). On order of the Court, the case having been decided on July 28, 2022, 510 Mich ___ (2022), the application is again considered. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration as on leave granted in light of *People v Parks*, 510 Mich [225; 987 NW2d 161] (2022) (Docket No. 162086), and *People v Stovall*, 510 Mich [301; 987 NW2d 85] (2022) (Docket No. 162425).

We do not retain jurisdiction. [*Dean*, ___ Mich at ___; 982 NW2d at 183.]

## II. PROCEDURAL BAR OF MCR 6.502(G)(2)

Defendant argues that the trial court erred by denying his motion for relief from judgment because his argument is based on a retroactive change in law and newly discovered evidence. We disagree.

## A.  STANDARDS OF REVIEW

A trial court's decision on a motion for relief from judgment is reviewed for an abuse of discretion and its findings of facts supporting the decision are reviewed for clear error. *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010).  "An abuse of discretion occurs when the court does not select a reasonable and principled outcome." *People v Maye*, 343 Mich App 57, 65; 996 NW2d 571 (2022).  "Clear error exists when the reviewing court is left with the definite and firm conviction that a mistake has been made." *People v Chaney*, 327 Mich App 586, 587 n 1; 935 NW2d 66 (2019) (quotation marks and citation omitted).  "The interpretation of Court rules is a question of law that this Court reviews de novo." *People v Clark*, 274 Mich App 248, 251; 732 NW2d 605 (2007).

## B.  ANALYSIS

Motions for relief from judgment are governed by MCR 6.500 *et seq*. *Swain*, 288 Mich App at 629.  Generally, a defendant is entitled to file only one motion for relief from judgment. MCR 6.502(G)(1).  However, under MCR 6.502(G)(2), a defendant may file a second or subsequent motion based on either (a) a retroactive change in law that later occurred or (b) the later discovery of new evidence.  Under MCR 6.502(G)(3), "new evidence" includes new scientific evidence.  In the remand order, our Supreme Court expressly ordered this Court to consider defendant's arguments in light of its decision in *Stovall*. *Dean*, ___ Mich at ___; 982 NW2d at 183.  In *Poole*, our Supreme Court applied *Stovall*'s holding, finding:

> We conclude that the Court of Appeals erred by dismissing defendant's application for leave to appeal, because defendant has met the requirements necessary to file a successive motion for relief from judgment pursuant to MCR 6.502(G)(2).  Specifically, we conclude that, as defendant argues for *Miller* protections to be extended to 18-year-old offenders, *Miller* and *Montgomery* serve as the "foundation" or "base" for defendant's challenges to the constitutionality of his mandatory life-without-parole sentence; thus, his motion is "based on a retroactive change in law" and overcomes the procedural bar in MCR 6.502(G). *People v Stovall*, [510 Mich 301, 310-311; 987 NW2d 85 (2022)] (concluding that *Miller* and *Montgomery* served as the "foundation" or "base" for the juvenile defendant's challenge to his life-with-parole sentence for second-degree murder). [*People v Poole*, ___ Mich ___; 977 NW2d 530 (2022).]

In his third motion for relief from judgment, defendant argued that his sentence was unconstitutional and the holdings of *Miller* and *Montgomery* should be extended to 19-year-old offenders.  Defendant specifically claimed he established good cause for failing to raise his arguments in his prior motions because *Miller* and *Montgomery* were not decided until after his motions were filed and, under *Cruz*, there was new scientific evidence regarding juvenile brain development discovered after he filed his prior motions.  Although *Cruz*, as a federal district court opinion, has no binding effect on this Court or the trial court, see *People v Brcic*, 342 Mich App 271, 280 n 3; 994 NW2d 812 (2022), because *Miller* and *Montgomery* also served as the "base" of defendant's challenge he satisfied the procedural bar of MCR 6.502(G)(2).  See *Poole*, 977 NW2d 530.  However, defendant fails to acknowledge that the trial court did not deny his motion for relief from judgment for failure to satisfy the procedural bar of MCR 6.052(G)(2).  Rather, it denied his

motion under MCR 6.508(D)(3) because defendant failed to demonstrate good cause or actual prejudice, thus, the holdings in *Poole* and *Stovall* do not apply.

MCR 6.508(D)(3), states, in relevant part:

(D) Entitlement to Relief. The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion

\* \* \*

(3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates

(a) good cause for failure to raise such grounds on appeal or in the prior motion, and

(b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,

(i) in a conviction following a trial,

(A) but for the alleged error, the defendant would have had a reasonably likely chance of acquittal;

\* \* \*

(iii) in any case, the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case[.] [MCR 6.508(D)(3)(a), (b)(i) and (b)(iii).]

In *Miller*, the Supreme Court held "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for *juvenile* offenders." *Miller*, 567 US at 479 (emphasis added). However, because defendant committed his crime at age 19, he is not a juvenile offender and *Miller* does not apply to him. Additionally, defendant's reliance on *Cruz*'s extension of *Miller* does not establish good cause or actual prejudice because *Cruz* is not binding law, as acknowledged by the trial court. Since defendant filed his third motion for relief from judgment, our Supreme Court in *Parks* extended *Miller* protections to 18-year-old offenders. *Parks*, 510 Mich at 268. However, because defendant was 19-years-old at the time of his crime, *Parks* is inapplicable. Because defendant did not establish good cause or actual prejudice to justify relief under MCR 6.508(D)(3), the trial court did not err by denying his motion for relief from judgment.

### III. CONSTITUTIONALITY OF DEFENDANT'S SENTENCE

Defendant also argues, under both facial and as-applied challenges, the trial court erred by denying his motion for relief from judgment and he is entitled to resentencing because imposing a

mandatory life sentence without parole on a 19-year-old offender, without individualized consideration of the attributes of youth, constitutes cruel or unusual punishment.[4]  In the event we find the protections granted to juvenile offenders under *Miller* and *Parks* extend to 19-year-old offenders, defendant asserts this extension should apply retroactively to him.  We disagree.

## A.  STANDARDS OF REVIEW

"[Q]uestions of statutory interpretation or constitutional law are reviewed de novo." *People v Fredell*, 340 Mich App 221, 230; 985 NW2d 837 (2022).  "Statutes are presumed to be constitutional, and the courts have a duty to construe a statute as constitutional unless its unconstitutionality is clearly apparent." *People v Benton*, 294 Mich App 191, 203; 817 NW2d 599 (2011) (quotation marks and citation omitted).  "It is the burden of the party challenging the constitutionality of the statute to prove its invalidity." *People v Adamowicz (On Second Remand)*, ___ Mich App ___, n 1; ___ NW2d ___ (2023) (Docket No. 330612); slip op at 3.  "The retroactive effect of a court's decision is a question of law that this Court reviews de novo." *People v Quinn*, 305 Mich App 484, 489; 853 NW2d 383 (2014) (quotation marks and citations omitted).

## B.  ANALYSIS

A constitutional challenge to the validity of a statute can be brought in one of two ways: by either a facial challenge an as-applied challenge.  A facial challenge attacks the statute itself and requires the challenger to establish that no set of circumstances exists under which the [a]ct would be valid.  The fact that the . . . [a]ct might operate unconstitutionally under some conceivable set of circumstances is insufficient[.]  An as-applied challenge alleges a present infringement or denial of a specific right or of a particular injury in process of actual execution of government action. [*People v Johnson*, 336 Mich App 688, 692; 971 NW2d 692 (2021) (internal quotation marks and citations omitted; alterations in original).]

A party challenging the constitutionality of a statute has the burden of proving its invalidity. *People v Sadows*, 283 Mich App 65, 67; 768 NW2d 93 (2009).  Defendant presents both a facial and as-applied challenge to his mandatory life without parole sentence.  We analyze each challenge in turn.

In *Miller*, 567 US at 477-480, the Supreme Court held it was unconstitutional to sentence a juvenile defendant convicted of murder to a mandatory sentence of life without parole without considering the defendant's age, the "hallmark features" of youth, and rehabilitative potential.

---

[4] Although defendant briefly cites to Const 1963, art 1 § 16 in his motion for relief from judgment, he largely argues his sentence constitutes cruel and unusual punishment under US Const, Am VIII.  On appeal, defendant argues his sentence is cruel or unusual punishment under Const 1963, art 1 § 16.  Because "a punishment [that] passes muster under the state constitution . . . necessarily passes muster under the federal constitution," *People v Benton*, 294 Mich App 191, 204; 817 NW2d 599 (2011) (quotation marks and citation omitted), we analyze defendant's arguments under the standards applicable to the Michigan Constitution.

Recently, in *Parks*, 510 Mich at 265-266, our Supreme Court extended *Miller* to include individuals who were 18-years-old at the time they committed their crime. In light of the *Parks* ruling, this Court in *People v Czarnecki (On Remand)*, ___ Mich App ___; ___ NW2d ___ (2023), (Docket No. 348732); slip op at 1-2, expressly considered whether a defendant, who was convicted of first-degree murder at age 19, was entitled to resentencing on the grounds that a mandatory life without parole sentence constituted cruel or unusual punishment under Const 1963, art 1 § 16. In *Czarnecki*, this Court found the holding in *Parks* did not extend to 19-year-old offenders, stating:

> In *Parks*, 510 Mich at 268, our Supreme Court held that "mandatorily subjecting 18-year-old defendants convicted of first-degree murder to a sentence of life without parole violates the principle of proportionality derived from the Michigan Constitution, and thus constitutes unconstitutionally cruel punishment under Const 1963, art 1, § 16." Previously, however, in *People v Hall*, 396 Mich 650, 657-658; 242 NW2d 377 (1976), our Supreme Court upheld the constitutionality of a sentence of life without parole for a defendant convicted of felony murder, expressly rejecting the defendant's argument that such a sentence constitutes cruel or unusual punishment under Const 1963, art 1, § 16. . . . Our Supreme Court in *Parks* explicitly limited the effect its opinion had on *Hall*, stating that its "opinion today does not affect *Hall*'s holding as to those older than 18." *Parks*, 510 Mich at 255 n 9. . . . From this, it follows that *Hall*'s holding continues to apply to those older than 18. This understanding of *Parks* and *Hall* is consistent with this Court's recent decision in *Adamowicz (On Second Remand)*, where this Court held that *Hall* compelled the conclusion that subjecting a 21-year-old defendant to a mandatory sentence of life without the possibility of parole did not constitute cruel or unusual punishment under the Michigan Constitution. *Adamowicz (On Second Remand)*, ___ Mich App at ___; slip op at 4.
>
> *Adamowicz (On Second Remand)* is not controlling in this case, however, because, again, defendant here was 19 when he committed the first-degree murder. Nevertheless, on the basis of *Hall*, we reach the same result as this Court did in *Adamowicz (On Second Remand)*. Before *Parks* was decided, defendant's sentence of life imprisonment without the possibility of parole did not constitute cruel or unusual punishment under Const 1963, art 1, § 16 according to *Hall*, 396 Mich at 657-658. *Parks* explicitly stated that its "opinion today does not affect *Hall*'s holding as to those older than 18." *Parks*, 510 Mich at 255 n 9. Accordingly, following *Parks*, defendant's mandatory life-without-parole sentence for a first-degree murder committed at the age of 19 continues to not be cruel or unusual punishment under Const 1963, art 1, § 16 according to *Hall*, 396 Mich at 657-658. See *Associated Builders & Contractors v City of Lansing*, 499 Mich 177, 191-192; 880 NW2d 765 (2016) ("The Court of Appeals is bound to follow decisions by this Court except where those decisions have *clearly* been overruled or superseded *and is not authorized to anticipatorily ignore our decisions where it determines that the foundations of a Supreme Court decision have been undermined*.") (Footnote omitted; emphasis in original.) [*Id.* at ___; slip op at 2-3 (footnotes omitted).]

Similar to the defendant in *Czarnecki*, here, defendant was 19-years-old at the time he committed his offense. This Court's holding in *Czarnecki* is binding precedent under MCR 7.215(J)(1). As such, defendant's facial challenge to the constitutionality of his mandatory life sentence fails. And because this Court has explicitly declined to extend *Miller* and *Parks* to 19-year-old offenders, defendant's alternative argument regarding the retroactive application of an extension of *Miller* and *Parks* also fails.

Regarding defendant's as-applied challenge, we note defendant interchangeably argues that his youthfulness and involvement as an aider and abettor made him less culpable for his actions, and thus, his sentence constitutes cruel or unusual punishment. However, defendant cannot argue his youthfulness lessened his culpability because, as stated, *Miller* and *Parks* do not apply to him and the trial court was not required to consider his youthful attributes at sentencing. Because this argument is only applicable to defendant's facial challenge, we will not consider it when evaluating the merits of his as-applied challenge. See *Johnson*, 336 Mich App at 692 ("An as-applied challenge alleges a present infringement or denial of a specific right or of a particular injury in process of actual execution of government action.") (Quotation marks and citations omitted). Further, whether defendant is less culpable because of his status as an aider and abettor is a separate and distinct legal question from his culpability as a youthful offender. Therefore, we will only address defendant's argument regarding his culpability as an aider and abettor in his as-applied challenge.

Because defendant raised his as-applied argument in his third motion for relief from judgment, under MCR 6.502(G)(2), in order to successfully advance his argument, defendant must identify either: a retroactive change in law that occurred after his first motion for relief from judgment or a claim of new evidence that was not discovered before his first motion. However, defendant's as-applied challenge is not based on any new evidence or a change in law holding that it is cruel or unusual punishment to sentence a defendant convicted under an aider and abettor theory to a life sentence without parole. In fact, Michigan law expressly permits defendant's sentence. See MCL 750.316(1) and MCL 767.39; see also *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013) ("[A] proportionate sentence is not cruel or unusual."); *People v Brown*, 294 Mich App 377, 390; 811 NW2d 531 (2011) ("Legislatively mandated sentences are presumptively proportional and presumptively valid.").

Further, even if defendant could meet the procedural bar of MCR 6.502(G)(2), the evidence suggests defendant was actively involved in the events that led to the victim's murder. At trial, Smith testified defendant participated in the robbery, although Cross was the individual who ultimately committed the murder. *Dean*, unpub op at 1. Defendant admitted to police he instigated the robbery and instructed Smith to kill the victim. In his motion for relief from judgment, defendant also admitted he asked Cross for "his help with robbing the drug house as retribution for being robbed of his week's wages," because he knew Cross had a gun. Further, defendant admitted he and Cross agreed to split the money and drugs they planned to steal. Thus, defendant's argument that his sentence constitutes cruel or unusual punishment because he was less culpable as an aider and abettor is unsupported by the record. Because defendant failed to properly raise his as-applied challenge under MCR 6.502(G)(2), the trial court did not err by denying his motion for relief from judgment and he is not entitled to resentencing.

## IV. CONCLUSION

Although defendant met the procedural bar of MCR 6.502(G)(2), because he did not establish good cause or actual prejudice to justify relief under MCR 6.508(D)(3), the trial court did not err by denying his motion for relief from judgment. Additionally, defendant is not entitled to resentencing because this Court has declined to extend *Miller* and *Parks* to 19-year-old offenders and defendant fails to establish any other change in law to justify resentencing. Further, because defendant's facial challenge to the constitutionality of mandatory life sentences imposed on 19-year-old offenders fails, there is no basis for retroactively applying any extension of *Miller* or *Parks*.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Allie Greenleaf Maldonado