*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MONTEL DESHAUN LYONS,

        Defendant-Appellant.

FOR PUBLICATION
May 13, 2025
1:46 PM

No. 370840
Jackson Circuit Court
LC No. 2023-003045-AR

Before: RIORDAN, P.J., and YATES and ACKERMAN, JJ.

PER CURIAM.

Following a probable-cause hearing, the district court dismissed the charge of possession of less than 25 grams of methamphetamine, MCL 333.7403(2)(b)(*i*), concluding that a police officer did not have a legal basis to arrest defendant and, therefore, the evidence arising from the arrest was inadmissible. The prosecution appealed the district court order and, following a hearing, the circuit court reversed the district court. Defendant now appeals by leave granted,[1] arguing that he was not seized for purposes of the Fourth Amendment at the time of the traffic stop, so the officer had no lawful authority to order him to remain in the vehicle. For the reasons set forth in this opinion, we affirm the circuit court.

## I. BACKGROUND

A City of Jackson police officer conducted a nighttime traffic stop on a vehicle that had an inoperable headlight. Defendant was a rear-seat passenger in the car. The vehicle was "slow to stop, pulling into a gas station." As the vehicle was still rolling slowly to a stop, defendant exited the vehicle. Defendant then did not comply with the officer's order to return to, and remain in, the car. Instead, he continued walking away. The police officer apprehended and arrested him for disregarding the order, and the police officer then conducted a search incident to arrest. During the search, the officer found a folded-up piece of paper on defendant that the police officer

---

[1] *People v Lyons*, unpublished order of the Court of Appeals, entered October 22, 2024 (Docket No. 370840).

-1-

suspected contained narcotics as some crystals were coming out of the paper from its corners. The substance later tested positive for methamphetamine.

Defendant was charged with one count of possession of methamphetamine. The district court dismissed the case, ruling that defendant's "seizure, his detention, the command in-fact, the command to get back in the car and stop that was unlawful. . . . And the proceeds from the search, that was illegal, are gonna be suppressed."[2] The district court reasoned that, although an officer legally may order a passenger to remain in the vehicle during a traffic stop, in this case, defendant was not "seized" when he "just got up and walked away before the car even stopped." Thus, the district court concluded, the officer had "no lawful reason to command [him] to stay there and detain [him]."

The prosecution appealed and the circuit court reversed, explaining that

when I look at *Arizona v Johnson*,[3] police don't need reasonable suspicion of criminal activity to detain a vehicle's occupant—occupants. They may order them to remain in the vehicle or they can tell them to step out. . . . [U]sing that rationale, [the officer] could order the defendant to return to the vehicle. He failed to do so. When he fails to do so, they put him under arrest, pat him down.

When I use—when I look at that case, it causes me to send it back to [the district court] . . . .

This appeal followed.

## II. DISCUSSION

On appeal, defendant argues that because he exited the vehicle before it came to a complete stop, he never actually submitted to the authority of the police officer at that time and thus was not seized for purposes of the Fourth Amendment. Therefore, defendant contends, the officer had no legal basis to order him to return to, and remain in, the vehicle. Thus, the resulting arrest for disregarding that order was unlawful. We disagree.

"Absent an abuse of discretion, a reviewing court should not disturb the district court's bindover decision. An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes." *People v Seewald*, 499 Mich 111, 116; 879 NW2d 237 (2016) (quotation marks and citation omitted). "We review constitutional questions de novo." *People v Sadows*, 283 Mich App 65, 67; 768 NW2d 93 (2009).

---

[2] In addition to the original charge of possession of methamphetamine, the prosecution also asked the district court at the probable-cause hearing to bind defendant over on a separate charge of resisting or obstructing a police officer, MCL 750.81d(1).

[3] *Arizona v Johnson*, 555 US 323; 129 S Ct 781; 172 L Ed 2d 694 (2009).

"The Fourth Amendment of the United States Constitution and its counterpart in the Michigan Constitution guarantee the right of persons to be secure against unreasonable searches and seizures." *People v Kazmierczak*, 461 Mich 411, 417; 605 NW2d 667 (2000). See US Const, Am IV; Const 1963, art 1, § 11. "Generally stated, the test for what constitutes a seizure is whether, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *People v Bolduc*, 263 Mich App 430, 438; 688 NW2d 316 (2004) (quotation marks and citation omitted). "The lawfulness of a search or seizure depends on its reasonableness." *People v Snider*, 239 Mich App 393, 406; 608 NW2d 502 (2000). Generally, evidence seized in violation of the Fourth Amendment prohibition against unreasonable searches and seizures is excluded from use at trial under the exclusionary rule. *People v Goldston*, 470 Mich 523, 528-529; 682 NW2d 479 (2004).

Regarding seizure of a passenger, in *Brendlin v California*, 551 US 249; 127 S Ct 2400; 168 L Ed 2d 132 (2007), the United States Supreme Court held that when a police officer makes a traffic stop, "a passenger is seized as well" as the driver within the meaning of the Fourth Amendment. *Id*. at 251. The Court concluded that in the case before it, the passenger was seized from the moment that the vehicle "came to a halt on the side of the road," *id*. at 263, adopting the test for seizure from *United States v Mendenhall*, 466 US 544, 554; 100 S Ct 1870; 64 L Ed 2d 497 (1980): "[A] seizure occurs if in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Brendlin*, 551 US at 255 (quotation marks and citation omitted). The Court also noted that it is "reasonable for passengers to expect that a police officer at the scene of a crime, arrest, or investigation will not let people move around in ways that could jeopardize his safety." *Id*. at 258. Thus, a police officer may order passengers to exit a vehicle during a traffic stop. *Id*.

Further, in *Arizona v Johnson*, 555 US 323, 326; 129 S Ct 781; 172 L Ed 2d 694 (2009), the United States Supreme Court applied *Brendlin*, as well as other Fourth Amendment precedent, to hold that a police officer may " 'stop and frisk' a passenger in a motor vehicle temporarily seized upon police detection of a traffic infraction," so long as the requirements of *Terry v Ohio*, 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968) are satisfied. Notably, the Court observed that "[a] lawful roadside stop begins when a vehicle is pulled over for investigation of a traffic violation." *Johnson*, 555 US at 333.

In *People v Corr*, 287 Mich App 499; 788 NW2d 860 (2010), this Court concluded that under *Brendlin* and *Johnson*, police officers may order a passenger to remain in a vehicle until a traffic stop is complete. *Id*. at 507-508. This Court reasoned that "[i]t is reasonable for passengers to expect that a police officer at the scene of a crime, arrest, or investigation will not let people move around in ways that could jeopardize his safety," so "the officers' commands [to the passenger] to stay in the vehicle, which resulted in [the passenger's] detention beyond the time of the driver's arrest but before the time that the officers had completed their duties at the scene, [were] lawful." *Id*. (quotation marks and citation omitted).

In this case, as explained, defendant argues that because the vehicle still was coming to a stop when he exited, there was no "seizure" as to make him believe "that he was not free to leave." See *Bolduc*, 263 Mich App at 438. In other words, defendant contends, the traffic stop was not effectuated until the vehicle was fully stopped, by which point he no longer was a passenger. Thus, defendant argues, the officer did not have the authority under cases such as *Corr* to order him to

return to, and remain in, the vehicle. Consequently, defendant asserts, the officer's order was unlawful, so he was unlawfully arrested for disregarding it. See *People v Moreno*, 491 Mich 38, 41; 814 NW2d 624 (2012) (holding that MCL 750.81d does not "abrogate the common-law right to resist unlawful arrests"). This would render the search incident to arrest unlawful as well. See *People v Solomon*, 220 Mich App 527, 529-530; 560 NW2d 651 (1996) (applying the doctrine of search incident to arrest).

We need not decide whether defendant could only be seized at the precise moment the vehicle completely stopped because, in our judgment, the authority of an officer to control the movement of passengers during a traffic stop is not so strictly limited. Rather, the initiation of a traffic stop, which results in a vehicle slowly pulling to a stop, as occurred in this case, is sufficient to invoke that authority. See, e.g., *United States v Arrington*, 440 F Supp 3d 719, 724 (ED Mich, 2020) ("[B]y the time Fryt *initiated* the traffic stop, Arrington was no longer a passenger in the van, [and] was on private property doing nothing suspicious . . . .") (emphasis added); *Johnson*, 555 US at 333 ("A lawful roadside stop *begins* when a vehicle is pulled over for investigation of a traffic violation.") (emphasis added). This is because the underlying rationale for allowing officers to control the movement of passengers during a traffic stop is equally applicable regardless of whether the vehicle is completely stopped, or whether the vehicle is nearing a complete stop. As explained by the Florida District Court of Appeal in *Aguiar v State*, 199 So3d 920, 925-926 (Fla 5th DCA, 2016):

> When an officer approaches any vehicle stopped for a traffic infraction, the officer needs to be on vigilant alert, ready to react to violence that could come from any occupant inside the vehicle. A departing passenger is a distraction that divides the officer's focus and thereby increases the risk of harm to the officer. As that passenger moves further from the vehicle, it becomes impossible for the officer to watch the departing passenger and the remaining occupants. If the officer focuses on the potential threat from the passenger, violence could erupt from an occupant— robbing the officer of any meaningful opportunity to react. If the officer focuses instead on the occupants, the departing passenger could turn and attack. Even when the departing passenger is out of sight, the passenger could pose a risk of harm to the officer. Especially if armed, that person could easily attack from a concealed location away from the vehicle. A careful officer would be cognizant of this potential threat from the moment that the departing passenger was out of sight. This distraction would increase the risk to the officer, even if the passenger did not return. [Footnote omitted.]

Each of these concerns, which were listed in the context of a passenger exiting a completely stopped vehicle, are correspondingly present in a case in which a passenger exits a slowly moving vehicle shortly before it comes to a stop, as occurred here.

In the matter before us, although the vehicle was "still coming to a stop" when defendant exited, officers already were conducting a traffic stop at that time. The vehicle pulled into a gas station and was "slow to stop" for the traffic stop, but the traffic stop was conducted regardless. As he walked away, defendant said, "I'm not part of this traffic stop, I don't need to stay here," to which the officer responded, "Yes, you do have to stay here, you can't leave a traffic stop." Therefore, when defendant decided to exit the vehicle and continue walking away after hearing

the officer's order, he understood that the vehicle was subject to a traffic stop but nonetheless chose to disregard the order. Again, as noted, officers may order a passenger to remain in the vehicle for the purposes of officer safety during a traffic stop. See *Corr*, 287 Mich App at 507-508.[4]

We acknowledge that a person has a right to resist an unlawful police command. See *Moreno*, 491 Mich at 41. In this case, however, the officer's command for defendant to remain in the vehicle was lawful in light of the officer's concern for his safety and for the safety of others, so defendant's failure to comply with the officer's lawful command led to his lawful arrest. See MCL 750.81d. Thus, the accompanying search of defendant was lawful as a search incident to arrest. See *Solomon*, 220 Mich App at 529-530.[5] Accordingly, the evidence seized as a result of that search is admissible at trial.

### III. CONCLUSION

Because the district court abused its discretion by declining to bind defendant over to the circuit court on the charges of possession of methamphetamine and resisting or obstructing a police officer, we affirm the circuit court's reversal of the district court.

Affirmed.

/s/ Michael J. Riordan
/s/ Christopher P. Yates
/s/ Matthew S. Ackerman

---

[4] A Wisconsin court held that when a passenger exited a moving vehicle in the process of slowing for a traffic stop, doing so constituted "the offense of alighting from a moving vehicle," thus justifying an arrest and search incident to arrest. See *State v Wilson*, 256 Wis2d 692 (Wis Ct App, 2002). The prosecution here, however, has not raised such an argument.

[5] We agree with defendant that his search was not justified by "reasonable suspicion" under *Terry*. However, his search was justified on the separate basis of search incident to arrest.