PEOPLE v PERKINS
PEOPLE v LESAGE

Docket Nos. 281957 and 281959. Submitted August 6, 2008, at Lansing.
Decided August 19, 2008, at 9:05 a.m. Leave to appeal sought.

James D. Perkins and Joseph W. Lesage were each charged after
January 1, 2007, in the Isabella County Trial Court, Circuit Court
Division, with, among other offenses, operating a motor vehicle
while under the influence of alcoholic liquor, third offense. Perkins
had been convicted of drunken driving offenses on September 21,
1990, February 3, 1992, May 19, 1993, and June 22, 2005. Lesage
had been convicted of drunken driving offenses on April 8, 1975,
June 8, 1991, and July 16, 1991. 2006 PA 524, also known as
Heidi's Law, had amended MCL 257.625(9)(c) to provide, effective
January 3, 2007, that a violation under MCL 257.625(1) or (8),
which normally would be a misdemeanor, will be punishable as a
felony if the violation occurs after two or more prior convictions,
regardless of the number of years that have elapsed since any prior
conviction. Before the amendment, an offense under the statute
was a felony only if the offender had two or more prior convictions
within the previous 10 years. Perkins and Lesage each moved to
quash the charge of operating a motor vehicle while under the
influence of alcoholic liquor, third offense. The court, Paul H.
Chamberlain, J., initially denied the motions but later granted
them on reconsideration, ruling that only prior convictions that
occurred after January 3, 1997 (10 years before Heidi's Law took
effect), could be considered for punishment enhancement, because
it would constitute a violation of the ex post facto clauses of the
United States and Michigan constitutions to consider prior con-
victions that occurred before January 3, 1997. The prosecution
appealed by leave granted.

The Court of Appeals *held*:

The ex post facto clauses of the federal and state constitutions
prohibit legislative bodies from enacting laws that criminalize an
act after its commission. Ex post facto laws share two elements:
they attach legal consequences to acts before their effective date
and they work to the disadvantage of a defendant. Heidi's Law
made the consequences of the defendants' offenses more severe on

the basis of the defendants' prior convictions. All of the defendants' prior convictions properly may be considered for the purposes of applying amended MCL 257.625(9)(c).

Reversed and remanded for further proceedings.

CONSTITUTIONAL LAW — EX POST FACTO LAWS.

An ex post facto law, which is prohibited by the United States and Michigan constitutions, is one that attaches legal consequences to acts before the law's effective date and works to the disadvantage of a criminal defendant (US Const, art I, § 10, cl 1; Const 1963, art 1, § 10).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Larry J. Burdick*, Prosecuting Attorney, and *Mark G. Kowalczyk*, Senior Assistant Prosecuting Attorney, for the people.

*Daniel R. O'Neill* and *Rosemary Gordon Panuco* for the defendants.

Amicus Curiae:

*Christopher E. Goggin, in propria persona.*

Before: MARKEY, P.J., and WHITBECK and GLEICHER, JJ.

PER CURIAM. The prosecution appeals by leave granted the trial court's decision on reconsideration to grant defendants' motions to quash. The trial court originally determined that all prior drunken driving convictions could properly be considered for purposes of enhancing a sentence under MCL 257.625. However, on reconsideration, the trial court concluded that it had erred in its earlier determination. And it agreed with defendants' contention that only convictions that occurred after January 3, 1997, which was 10 years before the date that amended MCL 257.625 became effective,[1]

---

[1] See 2006 PA 564.

could be considered for purposes of sentence enhancement. We conclude that, for offenses occurring after the effective date of amended MCL 257.625, the state may properly charge defendants on the basis of prior convictions that occurred more than 10 years before the date of the amendment. Therefore, we reverse the trial court's decision to quash and remand for further proceedings.

## I. BASIC FACTS AND PROCEDURAL HISTORY

### A. PERKINS

Defendant James D. Perkins was arrested on March 23, 2007, for driving a vehicle while intoxicated and was charged with three offenses, including operating a motor vehicle while intoxicated (OWI), third offense,[2] possession of marijuana,[3] and driving with a suspended, denied, or revoked license, second or subsequent offense.[4] Perkins had four prior alcohol-related convictions at the time of the hearing, including: (1) in Oakland County, operating while visibly impaired (September 21, 1990); (2) in Oakland County, operating under the influence (February 3, 1992); (3) in Genesee County, operating under the influence (May 19, 1993); and (4) in Genesee County, OWI (June 22, 2005).

### B. LESAGE

Defendant Joseph W. Lesage was charged with OWI, third offense, on May 21, 2007. Lesage had three prior alcohol-related convictions: (1) OWI[5] (April 8, 1975); (2)

---

[2] MCL 257.625(1)(a).

[3] MCL 333.7403(2)(d).

[4] MCL 257.904(1).

[5] The trial court did not specify the county in which Lesage was convicted of his prior offenses.

operating while impaired (June 8, 1991); and (3) impaired driving (July 16, 1991).

### C. "HEIDI'S LAW"

Because both defendants had committed two or more prior alcohol-related offenses, they were subject to enhanced sentences under 2006 PA 564—also known as "Heidi's Law." Before the trial court, defendants argued that Heidi's Law was unconstitutional because it "(1) . . . violate[d] the rule prohibiting ex-post [sic] facto application of laws; (2) [was] not intended to include prior convictions that were time barred when the statute was passed based on statutory construction; and (3) [was] a violation of due process." At the end of the hearing on defendants' motion to quash, the trial court agreed with the prosecution and denied defendants' motion to quash the information because the law was constitutional and did "not violate the rule against ex post facto laws[, and its] statutory construction demonstrate[d] the intent to include convictions that would have been barred under the 10 year statute of limitations." The trial court did not rule on defendants' due-process claim, finding that it was not yet ripe for decision.

Perkins and Lesage filed motions for reconsideration on September 5, 2007, and October 2, 2007, respectively. The trial court granted the motions, ruling that it had misinterpreted the relevant caselaw and committed "palpable error." The trial court concluded that its earlier analysis concluding that application of the law in this case was not ex post facto was incorrect, and determined instead that Heidi's Law "does not apply to events that have been neutralized by the prior statute of limitations period without the amendment being ex-post [sic] facto." According to the trial court, "any

conviction that occurred prior to January 3, 1997 is time barred and cannot be considered when Heidi's Law is being applied to a case. . . . [B]y using this date as a guide, defendants whose claims were neutralized can still use that as a proper defense." The prosecutor now appeals.

## II. EX POST FACTO LAWS

### A. STANDARD OF REVIEW

This Court reviews a trial court's decision to grant or deny a motion for reconsideration for an abuse of discretion.[6] We review issues of statutory construction and interpretation of constitutional provisions de novo.[7]

### B. VIOLATIONS OF THE EX POST FACTO DOCTRINE

In its August 20, 2007, ruling, the trial court denied defendants' motions to quash the information, concluding that the law at issue was constitutional and that the Legislature had clearly intended "to include convictions that would have been barred under the 10 year statute of limitations" when it enacted Heidi's Law. Furthermore, the court held that "no subsequent behavior . . . is being punished by application of Heidi's Law," and the law did not deny defendants any defense. The court also cited *People v Russo*,[8] stating that that case directs courts to

> look at . . . the status of the law at the time the act is committed . . . . At the time [the offenses in the instant case] were committed, the new statute . . . stated that any prior conviction from any time in the Defendant's criminal history could be utilized.

---

[6] *Churchman v Rickerson*, 240 Mich App 223, 233; 611 NW2d 333 (2000).

[7] *People v Callon*, 256 Mich App 312, 315; 662 NW2d 501 (2003).

[8] *People v Russo*, 439 Mich 584; 487 NW2d 698 (1992).

... So the key is the Defendant is presumed to know the law at the time he commits the act and that it's a violation of law and that's all certainly present here.

However, in granting defendants' motion for reconsideration, the trial court observed that upon "[f]urther reading and analysis of *People v Russo*, . . . this Court was wrong when it held that any offense, no matter when it occurred, could be considered in determining if a defendant can be charged with a felony." The court's new conclusion was that *Russo* holds that if the Legislature amends a statute of limitations, the "amendment does not apply to events that have been neutralized by the prior statute of limitations period without the amendment being ex-post [sic] facto." Therefore, the court determined that only convictions that occurred after January 3, 1997—ten years before the effective date of Heidi's Law—could be considered for prosecution, because that date "covers any claim that was time barred at the time the amendment was put in place. Thus, . . . defendants whose claims were neutralized can still use that as a proper defense."

The defendant in *Russo* was charged in 1989 with committing criminal sexual conduct for alleged assaults that occurred between 1978 and 1982.[9] The statutory period of limitations in effect at the time of the acts was six years, but before the running of the then-applicable limitations period, the Legislature amended the statute to extend the period in which charges could be filed from " 'within 6 years after the commission of the offense or by the alleged victim's twenty-first birthday, whichever is later.' "[10] Russo argued that the amendment was not applicable to him because it did "not specifically state that it applies to offenses arising

---

[9] *Id.* at 589.

[10] *Id.* at 590, quoting MCL 767.24(2).

before its effective date," and also that it violated the ex post facto clauses of the Michigan and United States constitutions.[11] The Michigan Supreme Court disagreed, holding that there was no conflict between application of the amendment to the defendant's case and the rule against ex post facto laws:

> Well-settled principles require the conclusion that applying the extended statute of limitations to the then-not-as-yet-time-barred alleged sexual assaults is not ex post facto. The sexual assaults were not innocent when committed, the quantum of punishment is unchanged, and the defendant has not been deprived of any defense available to him at the time the acts were committed. The statute of limitations defense was not available to the defendant at the time the assaults were committed or at the time the amendment became effective[, as the] Legislature amended the statute of limitations five months before the defendant had any substantive right to invoke its protection.[12]

2006 PA 564 amended the governing statute in this case.[13] Before the amendment, a defendant was guilty of a felony rather than a misdemeanor for violating the statute only if he or she had been convicted of two or more drunken driving offenses within the previous 10 years. The amendment eliminated the 10-year window and added language permitting the use of any previous conviction in enhanced sentencing, regardless of the time that elapsed between it and the defendant's current offense.[14] The statute now provides, in pertinent part, "If a person is convicted of violating subsection (1) or (8)" and "the violation occurs after 2 or more prior convictions, regardless of the number of years that have elapsed since any prior conviction, the person is guilty

---

[11] *Id.* at 592.

[12] *Id.* at 593.

[13] MCL 257.625(9)(c).

[14] 2006 PA 564.

of a felony . . . ."[15] In granting defendants' motions for reconsideration, the trial court stated that *Russo* permitted the Legislature to amend a statute of limitations in regard to prior events, but such amendments do not apply to events for which the period of limitations had already run.

The ex post facto clauses of both the state and federal constitutions prohibit legislative bodies from enacting laws that criminalize an act after it has been committed.[16] In *Callon*, this Court noted that "[a]ll ex post facto laws share two elements: (1) they attach legal consequences to acts before their effective date, and (2) they work to the disadvantage of the defendant."[17] In this case, Heidi's Law certainly works to defendants' disadvantage, but the amendment did not attach legal consequences to their prior offenses, which occurred before the amendment's effective date. Rather, the amendment made the consequences of their current offenses, which occurred after January 3, 2007, more severe on the basis of defendants' prior convictions.

Thus, the trial court was incorrect when it stated that "Heidi's Law is not unconstitutional as written; but when asked to apply it in the manner that is in these cases, such application is ex-post [sic] facto and is therefore prohibited." As in *Callon*, "the amended statute did not attach legal consequences to defendant's

---

[15] MCL 257.625(9)(c).

[16] US Const, art I, § 10, cl 1; Const 1963, art 1, § 10; *Russo, supra* at 592 (noting that it was well-settled that " 'any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as ex post facto.' "), quoting *Dobbert v Florida*, 432 US 282, 292-293; 97 S Ct 2290; 53 L Ed 2d 344 (1977).

[17] *Callon, supra* at 318 (citations omitted).

prior impaired-driving conviction, but attached legal consequences to defendant's future conduct . . . ."[18] Further, the court treated the prior 10-year limit on consideration of prior convictions as a statutory period of limitations that had run. But this analysis ignores the fact that defendants are not being prosecuted for the prior offenses. They are being prosecuted for actions that took place after the amendment took effect. As in *Callon,* the change in the predicate offenses used to raise current conduct to the felony level does not constitute an ex post facto violation.[19]

### III. CONCLUSION

The trial court erred in concluding that defendants' prosecution under the amendment to MCL 257.625 violates ex post facto protections.

Reversed and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

---

[18] *Id.*

[19] *Id.* at 320-321; see also *Gryger v Burke*, 334 US 728, 732; 68 S Ct 1256; 92 L Ed 1683 (1948) ("Nor do we think the fact that one of the convictions that entered into the calculations by which petitioner became a fourth offender occurred before the Act was passed, makes the Act invalidly retroactive or subjects the petitioner to double jeopardy. The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.").