*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ROBERT LEE BARNARD,

Defendant-Appellant.

UNPUBLISHED
March 20, 2025
10:48 AM

No. 367163
Bay Circuit Court
LC Nos. 04-010067-FC
                04-010068-FC

Before: CAMERON, P.J., and GARRETT and MARIANI, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's denial of his successive motion for relief from judgment. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

In 2005, defendant was convicted of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (victim under 13); and three counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (sexual contact with a person under 13 years of age). Under the 2021 amendments (the "2021 SORA") to Michigan's Sex Offenders Registration Act (SORA), MCL 28.721 *et seq.*, defendant will be required to register as a sex offender when he is released from prison. In 2022, defendant moved for relief from judgment, asking the trial court to remove the registration requirement because forcing him to comply with the 2021 SORA would be unconstitutional. The trial court denied the motion. This appeal followed.

## II. STANDARD OF REVIEW

"A trial court's decision on a motion for relief from judgment is reviewed for an abuse of discretion." *People v Christian*, 510 Mich 52, 74; 987 NW2d 29 (2022). "An abuse of discretion

---

[1] *People v Barnard*, unpublished order of the Court of Appeals, entered January 24, 2024 (Docket No. 367163).

occurs when the court makes a decision that falls outside the range of reasonable and principled outcomes, or makes an error of law[.]" *Id*. at 75 (quotation marks and citation omitted).

"We review issues of constitutional law de novo." *People v Benton*, 294 Mich App 191, 203; 817 NW2d 599 (2011). "Statutes are presumed to be constitutional, and the courts have a duty to construe a statute as constitutional unless its unconstitutionality is clearly apparent." *Id*. (quotation marks and citation omitted). A party challenging the constitutionality of a statute bears the "burden of proving its invalidity[.]" *People v Sadows*, 283 Mich App 65, 67; 768 NW2d 93 (2009).

### III. LAW AND ANALYSIS

Defendant argues the trial court abused its discretion in denying his motion for relief from judgment. He asserts the 2021 SORA violates his constitutional protections against ex post facto punishment because his offenses were committed before the 2021 SORA was enacted.[2] We disagree.

The Legislature's purpose in enacting the SORA was to declare that "a person who has been convicted of committing an offense covered by this act poses a potential serious menace and danger to the health, safety, morals, and welfare of the people, and particularly the children, of this state." MCL 28.721a. Thus, the SORA was intended "to better assist law enforcement officers and the people of this state in preventing and protecting against the commission of future criminal sexual acts by convicted sex offenders." *Id*. Since its inception, "[t]he Legislature has modified SORA over the past nearly 30 years in a series of amendments introducing new provisions; contracting, expanding, and removing established provisions; [and] creating new ameliorative provisions[.]" *People v Betts*, 507 Mich 527, 573; 968 NW2d 497 (2021).

The SORA has faced several legal challenges involving the constitutional prohibition of ex post facto punishments. The United States constitution states: "No State shall . . . pass any . . . ex post facto Law[,]" US Const, art I, § 10, while the Michigan constitution provides: "No . . . ex post facto law . . . shall be enacted." Const 1963, art 1, § 10. These Ex Post Facto clauses proscribe "legislative bodies from enacting laws that criminalize an act after it has been committed." *People v Perkins*, 280 Mich App 244, 251; 760 NW2d 669 (2008).

Our recent holding in *People v Kiczenski*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364957), is fatal to defendant's constitutional claim. In *Kiczenski*, the defendant was convicted in the early 1980s of two counts of CSC-I. *Id*. at ___; slip op at 1. The defendant's convictions eventually required him to register as a sex offender under the 2021 SORA. *Id*. The question raised in *Kiczenski* was whether "application of the 2021 SORA amendments constitutes

---

[2] Because defendant is still incarcerated, and thus has not yet been required to register under the 2021 SORA, we note that there may be a question as to whether defendant's claim is ripe. See *People v Warner*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 163805); slip op at 16 ("The ripeness doctrine prevents the adjudication of hypothetical or contingent claims before an actual injury has been sustained.") (quotation marks and citation omitted). However, we need not address this issue because neither party has raised it on appeal.

retroactive punishment in violation of the Ex Post Facto Clauses of the federal constitution, US Const, art I, § 10, and the state constitution, Const 1963, art 1, § 10." *Kiczenski*, ___ Mich App at ___; slip op at 1.  This Court held that the Ex Post Facto Clauses were not implicated, because "the 2021 SORA amendments do not constitute punishment as to sex offenders under" the constitutions of the United States and Michigan.  *Kiczenski*, ___ Mich App at ___; slip op at 1.

"A published opinion of the Court of Appeals has precedential effect under the rule of stare decisis."  MCR 7.215(C)(2).  "A panel of [this Court] must follow the rule of law established by a prior published decision of [this Court] issued on or after November 1, 1990[.]"  MCR 7.215(J)(1).  Defendant's argument is entirely premised on the contention that the 2021 SORA violates the Ex Post Facto clauses, an argument with which *Kiczenski* disposed.  MCR 7.215(C)(2) and (J)(1).  We are bound by *Kiczenski*, and conclude defendant's arguments challenging the constitutionality of the 2021 SORA are meritless under that precedent.  We also decline defendant's request that we convene a conflict panel to address alleged inconsistencies between *Kiczenski* and other Michigan cases.

Affirmed.

/s/ Thomas C. Cameron
/s/ Kristina Robinson Garrett
/s/ Philip P. Mariani