*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DEWAYNE DEMETRIUS ELLIS,

Defendant-Appellant.

UNPUBLISHED
August 11, 2025
10:20 AM

No. 368478
Wayne Circuit Court
LC No. 03-007448-01-FC

Before: YOUNG, P.J., and LETICA and KOROBKIN, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] the order denying his motion for reconsideration and motion to amend his motion for relief from judgment. We now vacate that order and remand with instructions to consider anew defendant's motion for relief from judgment, which has not yet been decided in light of our previous order vacating the trial court's order denying it.

## I. BACKGROUND AND FACTS

Defendant was convicted of armed robbery, MCL 750.529; assault with intent to murder, MCL 750.83; felon in possession of a firearm (felon-in-possession), MCL 750.224f; and carrying a firearm during the commission of a felony (felony-firearm), MCL 750.277b. Defendant was sentenced, as a third-offense habitual offender, MCL 769.11, to 30 to 50 years' imprisonment each for the robbery and assault convictions, and three and a half to five years' imprisonment for the felon-in-possession conviction, to be served consecutively with two years' imprisonment for the felony-firearm conviction.

Defendant was initially convicted and sentenced in October 2003. Carmichael Cargill testified that while he was standing outside in Detroit, defendant rode up to him on a bicycle.

---

[1] *People v Ellis*, unpublished order of the Court of Appeals, entered March 12, 2024 (Docket No. 368478).

Defendant got off the bicycle, pulled out a gun, and told Cargill to give him his money. Cargill was shot approximately nine times and gave defendant $25 from his pocket. Following a photographic lineup, defendant was identified and arrested.

Defendant appealed, contending, *inter alia*, that his trial counsel was ineffective and that the habitual-offender notice in his criminal information was incorrect. *People v Ellis*, unpublished per curiam opinion of the Court of Appeals, issued April 12, 2005 (Docket No. 252368), pp 3-5. This Court affirmed defendant's conviction and sentence. *Id*. at 1. Defendant subsequently moved for reconsideration, which this Court denied. *People v Ellis*, unpublished order of the Court of Appeals, entered June 6, 2005 (Docket No. 252368). Defendant then applied for leave to appeal to the Michigan Supreme Court, which denied defendant's application. *People v Ellis*, 474 Mich 911 (2005).

In June 2021, defendant moved *in propia persona* for relief from judgment. See MCR 6.500 *et seq.* He alleged that the prosecution had not properly filed a notice of intent to seek a habitual-offender enhancement, that his trial counsel had not properly investigated his competence to stand trial, and that his appellate counsel had also failed to raise the issue of his competency. The trial court denied defendant's motion for relief from judgment in December 2021. In its order denying defendant's motion, the trial court held that the claims he raised in his motion for relief from judgment were materially the same as those raised in his first appeal. See MCR 6.508(D)(2).

In April 2022, defendant filed a delayed application for leave to appeal in this Court, arguing that the trial court erred because the claims he raised in his motion for relief from judgment were not the same as those raised in his first appeal. In May 2022, defendant also moved in the trial court for leave to file an amended motion for relief from judgment and for reconsideration of the trial court's denial of his motion for relief from judgment. But before the trial court ruled upon that motion, this Court, acting on defendant's delayed application for leave to appeal, vacated the December 2021 order of the trial court and remanded for reconsideration of defendant's motion for relief from judgment. *People v Ellis*, unpublished order of the Court of Appeals, entered August 25, 2022 (Docket No. 361199). This Court's order stated:

> Pursuant to MCR 7.205(E)(2), in lieu of granting the delayed application, the trial court's December 20, 2021 opinion and order is VACATED, and the matter is REMANDED for reconsideration of the motion for relief from judgment. The trial court's opinion concludes, in error, that the substantive errors asserted in defendant's motion for relief from judgment were decided against him in his prior claim of appeal. See *People v Ellis*, unpublished per curiam opinion of the Court of Appeals, issued April 12, 2005 (Docket No. 252368). Contrary to the trial court's decision, the issues raised in the motion for relief from judgment are distinct from those raised and decided in Docket No. 252368. As such, MCR 6.508(D)(2) does not apply, nor does the law-of-the-case doctrine. On remand, the trial court shall reconsider the motion under MCR 6.508(D)(3), and determine whether defendant has demonstrated good cause and actual prejudice under that subsection. [*Id*.]

Then, in May 2023, the trial court issued an order denying defendant's May 2022 motion for reconsideration and motion to amend his motion for relief from judgment. The trial court did

not address, or evince awareness of, this Court's August 2022 order vacating the trial court's December 2021 order and instructing the trial court to reconsider defendant's motion for relief from judgment under MCR 6.508(D)(3). The trial court held that defendant's motion for reconsideration was without merit, but did not address whether defendant's motion for relief from judgment met the requirements of MCR 6.508(D)(3). The trial court also denied defendant's motion to amend because "defendant's motion for relief from judgment had been decided . . . and . . . as such the motion for relief for relief from judgment is no longer pending."

Defendant now appeals the trial court's May 2023 order.

## II. ANALYSIS

On appeal, defendant argues that he was erroneously deprived of his liberty because the prosecution failed to provide notice of its intent to enhance his sentence in light of his status as a habitual offender. He also argues that the prosecution committed a *Brady*[2] violation and that he was denied effective assistance of counsel. We decline to address defendant's substantive arguments because we see no other route than to vacate the trial court's May 2023 order and remand.

We review for abuse of discretion a trial court's decisions on a motion for relief from judgment, a motion for reconsideration, and a motion for leave to amend a motion for relief from judgment. *People v Christian*, 510 Mich 52, 74; 987 NW2d 29 (2022); *People v Perkins*, 280 Mich App 244, 248; 760 NW2d 669 (2008); MCR 6.502(F); see also *Backus v Kaufman*, 238 Mich App 402, 405; 605 NW2d 690 (1999). A trial court abuses its discretion if its "decision falls outside the range of reasonable and principled outcomes." *People v Johnson*, 502 Mich 541, 564; 918 NW2d 676 (2018) (quotation marks and citation omitted).

It is impossible to review whether the trial court abused its discretion by denying defendant's motion for relief from judgment because the trial court's order doing so was previously vacated and defendant's motion was not addressed again. Instead, the trial court's May 2023 order addressed defendant's May 2022 motions to amend his motion for relief from judgment and for reconsideration. However, in ruling on those motions, the trial court did not acknowledge that this Court had already vacated its December 2021 order addressing the original motion for relief from judgment. *People v Ellis*, unpublished order of the Court of Appeals, entered August 25, 2022 (Docket No. 361199). In fact, it does not appear that the trial court was even aware of this Court's August 2022 order. The trial court erred by holding that defendant's May 2022 motion to amend his motion for relief from judgment should be denied because his motion for relief from judgment had already been denied. While "[t]he court may permit the defendant to amend or supplement the motion [for relief from judgment] at any time" during the pendency of the motion, MCR 6.502(F), this ruling was based on the flawed premise that the trial court had already disposed of the motion for relief from judgment. When defendant initially moved to amend his motion for relief from judgment in May 2022, the trial court had denied his motion for relief from judgment in December 2021. The trial court could have appropriately denied defendant's motion to amend

---

[2] *Brady v Maryland*, 373 US 83; 83 C St 1194; 10 L Ed 2d 215 (1963).

his motion for relief from judgment at that point. *Id*. However, the trial court's order regarding defendant's motion for relief from judgment was later vacated. *People v Ellis*, unpublished order of the Court of Appeals, entered August 25, 2022 (Docket No. 361199). The trial court did not issue an order related to defendant's motion to amend his motion for relief from judgment until May 2023. Because defendant's motion for relief from judgment had been vacated and no new order had been issued, defendant could now move to amend his pending motion for relief from judgment. MCR 6.502(F). Therefore, the trial court abused its discretion when denying defendant's motion to amend his motion for relief from judgment.

For similar reasons, the trial court abused its discretion by denying defendant's motion for reconsideration. The trial court, in denying reconsideration, did not appear to be aware that its order denying relief from judgment had already been vacated. It did not consider the matters alluded to in this Court's August 2022 order. "[T]rial courts are required to follow applicable rules, orders, and caselaw established by appellate courts . . . ." *People v Dixon-Bey*, 340 Mich App 292, 298; 985 NW2d 904 (2022) (quotation marks and citation omitted). Therefore, the trial court's order denying reconsideration fell outside the range of reasonable and principled and outcomes.

## III. CONCLUSION

As the record now stands, there is *no* order denying the original motion for relief from judgment. We, therefore, vacate the trial court's May 2023 order and remand. On remand, considering the significant gap in time since defendant's original motion for relief from judgment, the trial court must permit defendant an opportunity to again move to amend his motion for relief from judgment. After deciding whether to grant the motion to amend, the trial court then must consider anew defendant's motion for relief from judgment, *whether amended or not*, and in accordance with the instructions in our previous remand order. *People v Ellis*, unpublished order of the Court of Appeals, entered August 25, 2022 (Docket No. 361199).

Vacated and remanded. We do not retain jurisdiction.

/s/ Adrienne N. Young
/s/ Anica Letica
/s/ Daniel S. Korobkin

-4-